J-S65036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEVIN SMITH | |
| Appellant | No. 3579 EDA 2014 |

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010586-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MARCH 09, 2016**

Appellant Devin Smith appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his jury trial conviction for murder of the third degree.[1]  We affirm.

The trial court set forth the relevant facts of this appeal as follows:

> On February 8, 2013, sometime between 2:00 and 2:45 p.m., [Appellant] punched and kicked Ramona Bell and slammed her onto the floor inside a house at 4731 Salem Street.  After Ms. Bell fell to the floor, [Appellant] continued to assault her.  There were several other people inside this "crack house" when the assault occurred.  The evidence established that [Appellant] was a drug dealer and Ms. Bell was a drug user.  Keith Bennett, who lived in the house, allowed people to use his house to sell and use drugs, so long as they paid him.  According to one

---

[1] 18 Pa.C.S. § 2502(c).

eyewitness, [Appellant] assaulted Ms. Bell because she allegedly arranged for someone to steal his gun and drugs. Another eyewitness recalled [Appellant] being on a cell phone discussing whether or not he should "get rid of" everyone in the house. After [Appellant] ended his assault on Ms. Bell, he walked back and forth over her unconscious body and yelled: "She fucked up, tried to get me set up. She deserved it. I just knocked her out." When [Appellant] was told that the victim needed medical assistance, he said: "No, she all right. She's asleep right now." Shortly thereafter, [Appellant] left the house.

* * *

[Ms. Bell] was pronounced dead at 7:55 p.m.

Dr. Marlon Osbourne conducted an autopsy of decedent and testified at trial as an expert in forensic pathology. He concluded to a reasonable degree of medical certainty that the cause of Ramona Bell's death was blunt head and chest trauma, and that the manner of death was homicide. Dr. Osbourne opined that decedent's injuries were the result of a severe beating and that there were repeated blows to her head and other body parts.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed February 12, 2016, at 2-3 (citations to the record omitted).

A jury convicted Appellant of third degree murder on July 10, 2014. On November 14, 2014, the court sentenced Appellant to twenty (20) to forty (40) years' incarceration. On December 15, 2014, Appellant filed a timely notice of appeal.[2] On December 24, 2014, the trial court ordered

_____

[2] Because December 14, 2015 fell on a Sunday, Appellant's appeal was timely. **See Commonwealth v. Leatherby**, 116 A.3d 73, 86 (Pa.Super.2015) ("When computing the 30–day filing period '[if] the last day
*(Footnote Continued Next Page)*

Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 12, 2015, Appellant timely filed a concise statement, but mislabeled the statement "Post Sentence Motions."[3]

Appellant raised the following issues in his erroneously labeled statement:

> 1. There was insufficient evidence presented at trial for the jury to render Devin Smith guilty of third degree murder.
>
> 2. That the fact witnesses presented had all recanted their testimony thus rendering their credibility unreliable and not suitable for presentation to the jury.

Appellant's "Post Sentence Motions," filed January 12, 2015 (verbatim).

Appellant raises the following issue in his brief:

> [WHETHER THERE WAS] SUFFICIENT EVIDENCE PRESENTED AT TRIAL OF THIS MATTER TO PROVE THAT

*(Footnote Continued)* ────────────

of any such period shall fall on Saturday or Sunday ... such day shall be omitted from the computation.' 1 [Pa.C.S.] § 1908.").

[3] On April 24, 2015, the trial court filed an opinion that deemed all of Appellant's issues waived for failure to file a Pa.R.A.P. 1925(b) statement. While the trial court was correct that a complete failure to file, or failure to timely file, a Pa.R.A.P. 1925(b) statement would result in waiver of Appellant's claims on appeal, a finding of waiver does not end the trial court's analysis or require it to ignore the issues raised. **Commonwealth v. Thompson**, 39 A.3d 335, 341 (Pa.Super.2012). "[If] counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit counsel to file a statement *nunc pro tunc* and address the issues raised in a subsequent Rule 1925(a) opinion." **Id.** We remanded to the trial court for the filing of a Pa.R.A.P. 1925(a) opinion addressing the issues raised in Appellant's mislabeled concise statement, and the court complied.

[APPELLANT] WAS THE PARTICIPANT IN THE ASSAULT AND SUBSEQUENT DEATH OF RAMONA BELL[?]

Appellant's Brief at 5.

Appellant attempts to challenge the sufficiency of the evidence for his third degree murder conviction. He claims that the jury convicted him based on conjecture and not on sufficient evidence.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted under the following statute:

**2502. Murder**

**(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

**(b) Murder of the second degree.--**A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

**(c) Murder of the third degree.--**All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S. § 2502.

A person may be convicted of third-degree murder where the murder is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice aforethought. Malice consists of a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured.

***Commonwealth v. Pigg***, 571 A.2d 438, 441-42 (Pa.Super.1990), *appeal denied*, 581 A.2d 571 (Pa.1990) (internal quotations and citations omitted).

The elements of third degree murder, as developed by case law, are a killing done with legal malice but without specific intent to kill required in first degree murder. Malice is the essential element of third degree murder, and is the distinguishing factor between murder and manslaughter.

***Commonwealth v. Cruz–Centeno***, 668 A.2d 536, 539 (Pa.Super.1995). *appeal denied,* 676 A.2d 1195 (Pa.1996).

Here, Appellant waived his challenge to the sufficiency of the evidence by filing a deficient concise statement of errors complained of on appeal.

"If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal." *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa.Super.2008) (emphasis deleted). If the statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. *Id.* (noting that 1925(b) waiver is appropriate "despite the lack of objection by an appellee and despite the presence of a trial court opinion.").

The instant 1925(b) statement does not specify any unproven elements. Therefore, Appellant has waived his sufficiency claim.

Moreover, even if Appellant had preserved his issue, it is devoid of merit.

The trial court reasoned:

> [T]here was sufficient evidence to prove than an unlawful and malicious killing occurred. The Commonwealth established that [Appellant] punched and kicked Ramona Bell, and then slammed her onto the floor. After she fell to the floor, [Appellant] continued to assault her. After assaulting the victim, [Appellant] paced over her unconscious body and made statements acknowledging his guilt. At trial, the assistant medical examiner concluded to a reasonable degree of medical certainty that the cause of Ramona Bell's death was blunt head and chest trauma, and that the manner of death was homicide. The assistant

medical examiner further concluded that the decedent's injuries were sustained by a severe beating and that there were repeated blows to her head and other body parts…

\* \* \*

[Appellant's] actions grossly deviated from the standard of conduct that a reasonable person would observe under these circumstances. To avenge an alleged theft, [Appellant] repeatedly punched and kicked the victim, and then slammed her to the floor, after which he continued to punch and kick her. By engaging in such conduct, [Appellant] consciously disregarded an unjustified and extremely high risk that such conduct would cause irreparable damage to a vital body organ and ultimately lead to the victim's death.

Trial Court Pa.R.A.P. Opinion, at 11-12.

Thus, even if Appellant had preserved his sufficiency claim, we agree with the trial court that his claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016

- 7 -