COMMONWEALTH of Pennsylvania,
Appellee

v.

Ginger Gayle THOMPSON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 3, 2011.

Filed Jan. 24, 2012.

Jennifer L. Bathon, Stroudsburg, for appellant.

Elmer D. Christine, Jr., Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

BEFORE: BOWES, GANTMAN and LAZARUS, JJ.

OPINION BY LAZARUS, J.:

Ginger Gayle Thompson appeals from the judgment of sentence of the Court of Common Pleas of Monroe County, challenging the sufficiency of the evidence to support her conviction of theft by unlawful taking,[1] theft by receiving stolen property,[2] access device fraud,[3] and forgery.[4] We remand for further proceedings.

In 2006, Thompson began a relationship with Sam Tambasco. As their relationship matured, Thompson moved in with Tambasco and his then 16–year–old grandson, Sammy Tambasco, Jr. By 2007, Tambasco's health started to decline. He became increasingly concerned about the financial security of his estate and how best to provide for Sammy after he was gone and he was no longer receiving his social security checks.

Every week, for two years, Thompson drove Tambasco to the bank so that he could withdraw money and store it for Sammy in a gray lock box that he kept in his home. As Tambasco's condition worsened, Thompson continued to make the withdrawals on her own. Additionally, when Tambasco began to have difficulty writing, Thompson started signing checks in Tambasco's name.

Tambasco died on February 4, 2009. Thompson was appointed Sammy's guardian and John Lanigan was appointed administrator of Tambasco's estate. Tambasco's will left his entire estate to Sammy. Shortly thereafter, Thompson moved into subsidized housing, leaving Sammy to care for Tambasco's property. Nevertheless, Thompson continued to make weekly withdrawals from Tambasco's bank account, and when she moved into her new home, she used money from the account to outfit it with furniture. Thompson also used Tambasco's bank account to purchase jewelry and to make a loan to a friend to purchase a Chevrolet truck, both of which she claims were made as investments for Sammy.

When Sammy and Lanigan went to set up a trust account for the estate, they discovered a large number of withdrawals had been made from Tambasco's account and that several checks from the account had been cashed. Lanigan immediately called the police and advised them that Thompson had access to the debit card and checkbook for these accounts, and that he did not know of anyone else who had access. The police searched Thompson's home and found Tambasco's MasterCard, checks in Tambasco's name, and jewelry accompanied by receipts showing the purchases were made with Tambasco's MasterCard. Police arrested Thompson and charged her with the aforementioned offenses.

Thompson was tried by a jury and convicted of all charges on November 12, 2009. On January 27, 2010, the Honorable

1. 18 Pa.C.S.A. § 3921(a).

2. 18 Pa.C.S.A. § 3925(a).

3. 18 Pa.C.S.A. § 4106(a)(1)(ii).

4. 18 Pa.C.S.A. § 4101(a).

Jonathan Mark sentenced Thompson to 24 to 48 months' imprisonment and ordered Thompson to pay $25,000.00 in restitution to Tambasco's estate along with the costs of the proceedings. Thompson was deemed Recidivism Risk Reduction Incentive (RRRI)[5] eligible; therefore, an adjusted minimum sentence was calculated at 18 months. Despite Thompson's request, trial counsel did not file a direct appeal.

On June 15, 2010, Thompson filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA)[6] requesting reinstatement of her appellate rights. Counsel was appointed to represent Thompson on June 23, 2010. On October 21, 2010, Thompson filed an amended PCRA petition alleging trial counsel was ineffective for failing to file the requested direct appeal. Judge Mark granted the motion after a hearing on January 25, 2011, reinstating Thompson's direct appeal rights.

Following PCRA relief, Thompson filed a motion for reconsideration of sentence *nunc pro tunc* and motion to set aside verdict and grant judgment of acquittal. On March 23, 2011, the trial court issued an order denying Thompson's post-sentence motions and advising Thompson that she had 30 days to file an appeal.

Thompson filed a notice of appeal on April 21, 2011 and, on April 26, 2011, the Court ordered Thompson to file, within 21 days, a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The order was entered on the docket and served on Thompson by placing a copy in the public defender's box in the clerk of courts' office the same day. Thus, Thompson had until May 17, 2011 to file her Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(2). Thompson did not file her statement by the deadline and, on May 31,

2011, the court issued a Rule 1925(a) opinion stating Thompson had waived her issues on appeal by failing to file the ordered Rule 1925(b) statement.

On June 9, 2011, Thompson filed a *nunc pro tunc* motion for extension of time within which to file a Rule 1925(b) statement. Thompson alleged that she had not received the court's order to file a Rule 1925(b) statement until the court issued its Rule 1925(a) opinion and requested that the court extend the filing date of the Rule 1925(b) statement to June 15, 2011. Thompson filed her Rule 1925(b) statement one week later, on June 16, 2011.

The trial court held a hearing for Thompson's *nunc pro tunc* motion on June 30, 2011; however, on July 11, 2011, the trial court issued an order denying Thompson's motion. The trial court determined that there was no evidence presented at the hearing to justify an extension of the time in which to file her Rule 1925(b) statement.

Although the trial court denied Thompson's *nunc pro tunc* motion, Thompson nevertheless filed an appeal from the trial court's January 27, 2010 judgment of sentence. Thompson raises four questions for our review:

1. Did the Commonwealth prove beyond a reasonable doubt each and every element of the offense of Theft by Unlawful Taking?

2. Did the Commonwealth prove beyond a reasonable doubt each and every element of the offense of Receiving Stolen Property?

3. Did the Commonwealth prove beyond a reasonable doubt each and every element of the offense of Unauthorized Use of an Access Device?

---

5. *See* 61 Pa.C.S.A. §§ 4501–12.

6. 42 Pa.C.S.A. §§ 9541–46.

4. Did the Commonwealth prove beyond a reasonable doubt each and every element of the offense of Forgery?

Brief of Appellant, at 4–5.

Before we address the merits of Thompson's issues on appeal, we must first determine whether Thompson has preserved her claims for our review. In 1998, our Supreme Court held that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." [7] *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998). Subsequently, in *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court affirmed its holding in *Lord,* ruling that a failure to file a 1925(b) statement within 14 days [8] after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver.[9]

The Supreme Court amended Rule 1925 in 2007. The current version extends the 14–day filing period of the statement to a minimum 21–day filing period and grants the judge, upon application of the appellant and for good cause shown, authority to enlarge the time period initially specified, or, in extraordinary cases, to allow for filing of a statement *nunc pro tunc.* Additionally, the Supreme Court added a new procedure under Rule 1925(c) for appellate courts to remedy a criminal appellant's failure to file a Rule 1925(b) statement. Subsection 1925(c)(3) provides:

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall redocket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge *may* enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.

Pa.R.A.P. 1925(a)-(b) (emphasis added).

---

7. Pennsylvania Rule of Appellate Procedure 1925 provides, in pertinent part:

(a) **Opinion in support of order.**

(1) *General rule.*—Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

    \*    \*    \*

(b) **Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

    \*    \*    \*

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the

8. *Lord* and *Castillo* examined the application of the previous version of Pa.R.A.P. 1925. Under that version, when the trial court entered an order directing the appellant to file a concise statement, the appellant had only 14 days to file the statement. Pa.R.A.P. 1925(b) (2007).

9. *Castillo* rejected the rule developed by this Court in the wake of *Lord,* which held issues raised in an untimely 1925(b) statement were only waived on appeal if the trial court did not address the issues. *See, e.g., Commonwealth v. Alsop,* 799 A.2d 129 (Pa.Super.2002) (declining to waive issues raised in untimely Rule 1925(b) statement because trial court discussed issues).

mand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). The official note to subsection (c)(3) further states:

*Paragraph* (c)(3) This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement[.] Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness[.] An appellant must be able to identify per se ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate per se ineffectiveness is entitled to a remand.

Note to Pa.R.A.P. 1925.

Paragraph (c)(3) of Rule 1925 codifies the procedure established by this Court in *Commonwealth v. West*, 883 A.2d 654 (Pa.Super.2005). Note to Pa.R.A.P. 1925; *see Commonwealth v. Hill*, 16 A.3d 484, 496 n. 15 (Pa.2011). "Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and per se, the court in *West* recognized that the more effective way to resolve such per se ineffectiveness is to remand for the filing of a Statement and opinion." Note to Pa. R.A.P. 1925; *see West, supra* at 657. "As the *West* court recognized, this rationale does not apply when waiver occurs due to the improper filing of a Statement.[10] In such circumstances, relief may occur only though the post-conviction process and only upon demonstration by the appellant

that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful." Note to Pa. R.A.P. 1925.

In light of the 2007 amendments, this Court, in *Commonwealth v. Scott*, 952 A.2d 1190 (Pa.Super.2008), reexamined the issue of waiver for failure to file a proper 1925(b) statement. In *Scott*, the trial court issued an order directing the appellant to file a Rule 1925(b) statement, which appellant's counsel failed to file. Because the appellant completely failed to file her statement, this court ruled that counsel had been *per se* ineffective, and remanded for filing of a Rule 1925(b) statement *nunc pro tunc* pursuant to Rule 1925(c)(3) and for preparation of an accompanying Rule 1925(a) opinion by the trial court.

The following year, in *Commonwealth v. Burton*, 973 A.2d 428 (Pa.Super.2009), this Court extended the procedure for remand for *per se* ineffectiveness to cases in which the appellant had filed a Rule 1925(b) statement, but failed to do so within the court ordered deadline. Our Court noted the bright-line waiver rule established by the Pennsylvania Supreme Court in *Lord* and its progeny, but determined that, under the current version of the rule, "the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement." *Id.* at 431. This Court reasoned:

The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the

---

**10.** *See, e.g., Commonwealth v. Allshouse*, 969 A.2d 1236 (Pa.Super.2009) (notwithstanding Rule 1925(c), when an appellant files a timely

Rule 1925(b) statement, but fails to set forth all issues raised on appeal, those issues not raised are waived).

client's interest and waives all issues on appeal. Thus[,] **untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se ineffectiveness* of counsel from which appellants are entitled to the same prompt relief.**

The view that Rule 1925(c)(3) does not apply to untimely 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a 1925 concise statement would do less of a disservice to the client than the attorney who files a 1925 concise statement beyond the deadline for filing.

*Id.* at 432–33 (emphasis added).

■ Here, the trial court entered an order pursuant to Rule 1925(b), docketed on April 26, 2011, directing Thompson to file a statement of errors complained of on appeal within 21 days. Thompson did not comply with the order and the court stated in its 1925(a) opinion that Thompson had

waived all issues on appeal. Thompson subsequently filed a 1925(b) statement, but the trial court denied her request to extend the period of time in which to file the statement. Thus, Thompson's Rule 1925(b) statement is untimely, and her counsel was *per se* ineffective for failing to file it within the court ordered deadline. *See Burton, supra.*

■ When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented. *See id.* at 433. However, the trial court's 1925(a) opinion in the present case did not address Thompson's issues, as Thompson had not yet filed a 1925(b) statement.[11] Accordingly, we remand for the trial court to file a Rule 1925(a) opinion addressing the issues raised in Thompson's untimely Rule 1925(b) statement within 30 days of the date of this Opinion.[12] *See Eiser v. Brown*

---

**11.** The trial court's 1925(a) opinion purports to find that Thompson had waived any issues on appeal because her counsel had not filed a Rule 1925(b) statement within the 21–day deadline. While it is technically accurate that a complete failure to file, or failure to timely file, a Rule 1925(b) statement results in waiver of the issues, *Burton, supra* at 432–33, under the current version of the rule, a finding of waiver does not necessarily end the trial court's analysis or require it to ignore the issues raised. Because the untimely or complete failure to file a Rule 1925(b) statement waives issues on appeal, counsel is *per se* ineffective. *Id.* Under Rule 1925(c)(3), the remedy for *per se* ineffectiveness in criminal cases is no longer collateral relief, but to remand to the trial court, either for the filing of a Rule 1925(b) statement *nunc pro tunc* or the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely 1925(b) statement. *Id.* Thus, to avoid unnecessary delay, when a trial court orders the appellant in a criminal case to file a Rule 1925(b) statement and the appellant files it untimely, the trial court's Rule 1925(a) opinion should note the *per se* ineffectiveness of counsel, ap-

point new counsel if it deems it necessary, *see West, supra* at 658, and address the issues raised on appeal. *See Burton, supra* at 434 (holding remand is not necessary where trial court addressed issues in untimely Rule 1925(b) statement). Similarly, where, as here, counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit counsel to file a statement *nunc pro tunc* and address the issues raised in a subsequent Rule 1925(a) opinion. The trial court may appoint new counsel if original counsel fails to comply with the order because a failure to comply with the order would prohibit appellate review. *See id.* at 432 ("Filing of Rule 1925 concise statement when ordered is a 'prerequisite to appellate merits review' and is 'elemental to an effective perfection of the appeal.' ").

**12.** Our holding is limited to the untimely filing of a 1925(b) statement on direct appeal. In *Hill, supra,* our Supreme Court reiterated that the original purpose for remand established by this Court in *West,* and embodied in

& *Williamson Tobacco Co.,* 595 Pa. 366, 938 A.2d 417, 423 (2007) (failure of trial court to address issues raised by appellant in 1925(b) statement impedes appellate review); *see also Commonwealth v. DeJesus,* 581 Pa. 632, 868 A.2d 379, 381 (2005) (holding trial court's failure to discuss preserved claims of appellant required remand for issuance of adequate opinion in accordance with Pa.R.A.P. 1925(a)).

Case remanded for further proceedings consistent with this decision. Jurisdiction retained.

Rule 1925(c), was to accelerate the process of restoring direct appellate rights through post-conviction claims of ineffectiveness of counsel. *See Hill, supra* at 496–97. Further, the Court cautioned that this rationale does not necessarily apply to PCRA petitioners because there is "no decisional law holding that Rule 1925 defaults by counsel at the PCRA appeal stage are available, and remediable, via a serial PCRA petition." *Id.* at 497. Thus, the Court concluded that, in the context of the PCRA, the *West*-type remand procedure would not produce any efficiency, but would instead result in a violation of the "PCRA's serial petition and time-bar restrictions." *Id.*