J-A25030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY K. SCOTT | |
| Appellant | No. 2935 EDA 2012 |

Appeal from the Judgment of Sentence of September 19, 2012
In the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0002218-2011

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:          **FILED NOVEMBER 18, 2014**

Anthony Scott appeals his September 19, 2012 judgment of sentence. Finding that Scott has waived the issues that he raises in this direct appeal by failing to include those issues in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, we affirm.

Following a jury trial, Scott was found guilty of unsworn falsification to authorities—forged or altered document, 18 Pa.C.S. § 4904(a)(2), and statements under penalty, 18 Pa.C.S. § 4904(b).  Due to the disposition that we reach below, we need not recite the facts in any detailed fashion.  We note only that the charges against Scott derived from his falsification of certain statements on documentation that he submitted in an attempt to be

---

[*]    Retired Senior Judge assigned to the Superior Court.

placed on the ballot for magisterial district judge in Smithfield Township, Monroe County, Pennsylvania.[1]  On September 19, 2012, the trial court sentenced Scott to one year of intermediate punishment on the unsworn falsification conviction, and one year of probation on the statements under penalty conviction.  The trial court ordered the two sentences to run concurrently with one another.

On October 17, 2012, Scott filed a notice of appeal.  In response, on October 19, 2012, the trial court directed Scott to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of that date.  Scott failed to file a timely statement.  Consequently, on November 14, 2012, the trial court issued a brief statement pursuant to Pa.R.A.P. 1925(a), noting that counsel's failure to file a concise statement had left the court without any issues to address.  On November 26, 2012,

_____

[1]    We also note that, if such a statement of the facts was necessary, we would not be able to complete the task because the certified record does not contain a copy of the jury trial transcripts.  Scott's counsel sought nine extensions of time to file a brief with this Court, in large part upon the basis that he needed additional time to obtain the trial transcripts.  It is evident that Scott's counsel eventually obtained those transcripts, because he attaches certain pages to his brief.  However, even if it were proper for this Court to rely upon transcripts attached to a brief, Scott's brief nonetheless would be unhelpful because counsel did not even extend to this Court the courtesy of attaching **all** of the pages of the transcripts.  Rather, he attaches only those that appear to aid the version of the facts that he sets forth in his brief.  Regardless, the jury trial transcript was not made part of the certified record, and we have nothing to review and to summarize.  However, as noted, this is of no moment because counsel's additional deficiencies preclude our review in a more substantive manner, as we detail below.

Scott's counsel (who was not trial counsel) filed a tardy concise statement, in which he raised the following two issues:

1. The Court erred in permitting the prosecution to make inappropriate statements to the prospective jurors regarding the nature of the case.

2. The Court erred by giving an erroneous jury instruction.

Concise Statement, 11/26/2012. On January 7, 2013, the trial court issued a "Supplemental Statement Pursuant to Pa.R.A.P. 1925(a)," in which the court attempted to address the vague issues listed by Scott in his untimely concise statement.

Presently, in a brief drafted by counsel who filed the tardy concise statement of errors complained of on appeal, Scott raises the following two issues:

I.  Whether appellant, Anthony Scott, was properly charged and convicted of false swearing, 18 Pa.C.S.A. § 4904, when a more specific charge of perjury was available under the Election Code, Act of June 3, 1937, P.L. 1333, Art. XVIII, § 1802, 25 P.S. § 3502?

II.  Whether there was sufficient evidence to sustain Mr. Scott's convictions of unsworn falsification to authorities and statements under penalty, under 18 Pa.C.S.A. § 4904(a)?

Brief for Scott at 2-3. It is immediately apparent that these two issues differ in all respects from the issues that counsel raised in Scott's concise statement of errors complained of on appeal.

Pennsylvania Rule of Appellate Procedure 1925(b)(4) provides. in pertinent part:

> The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.

Pa.R.A.P. 1925(b)(4)(ii). Pursuant to Rule 1925(b)(4)(vii), "[i]ssues not included in the Statement and/or not raised in accordance with [Rule 1925(b)(4)] are waived." As well, our Supreme Court has explained the consequences of failing to include issues in a concise statement as follows:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

Scott's counsel did not include the two issues that Scott raises in this direct appeal in his concise statement of errors complained of on appeal. Consequently, in light of the unequivocal authority set forth above, Scott's two issues are waived.[2]

---

[2] Scott's counsel's efforts thus far undoubtedly have been questionable. Counsel failed to file a timely concise statement, requested nine extensions of time with this Court causing unnecessary and unwarranted delay for this Court and, more importantly, for his client, and has caused the two issues that Scott raises in this appeal to be waived. Nonetheless, we have no authority *sua sponte* to declare counsel to be ineffective. Our ability to do so in circumstances involving Rule 1925 practice is limited to instances in which counsel failed entirely to file a concise statement. When such occurs, we may *sua sponte* declare counsel to be *per se* ineffective, and remand for
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>11/18/2014</u>

---

*(Footnote Continued)*

the filing of a concise statement *nunc pro tunc*. If, on the other hand, counsel is ordered to file a concise statement, but does so late, the trial court must note the tardy filing, but nonetheless address the issues in a Rule 1925(a) opinion. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 n.11 (Pa. Super. 2012). That is precisely what occurred here, and these were the exact steps taken by the trial court.

Outside of the complete failure to file a concise statement, or when the trial court fails to comply with the **Thompson** procedure upon receipt of a late filing, we have no authority *sua sponte* to consider whether counsel was *per se* ineffective. Here, counsel and the trial court have complied with Rule 1925. We would have no cause to be concerned, had counsel simply presented the issues that were preserved pursuant to the **Thompson** procedure. Unfortunately, counsel did not do so. Counsel raised two new issues. Neither the terms of Rule 1925 nor any other authority permit this Court to consider issues of ineffective assistance of counsel in these circumstances. Scott is left to pursue relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, to cure counsel's failures. We make no forecast here whether counsel's delay and deficiencies in his performance have resulted in so much time elapsing that Scott no longer is eligible for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(1)(i).