J-S65036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVIN SMITH | |
| Appellant | No. 3579 EDA 2014 |

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010586-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED NOVEMBER 13, 2015**

Appellant Devin Smith appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his jury trial conviction for murder of the third degree.[1]  We remand to the trial court for the filing of a Pa.R.A.P. 1925(a) opinion addressing the issues raised in Appellant's mislabeled concise statement of errors.

A jury convicted Appellant of third degree murder on July 10, 2014. On November 14, 2014, the court sentenced Appellant to twenty (20) to forty (40) years' incarceration.  On December 15, 2014, Appellant filed a timely notice of appeal.[2]  On December 24, 2014, the trial court ordered

_____

[1] 18 Pa.C.S. § 2502(c).

[2] Because December 14, 2015 fell on a Sunday, Appellant's appeal was timely.  ***See Commonwealth v. Leatherby***, 116 A.3d 73, 86

*(Footnote Continued Next Page)*

Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 12, 2015, Appellant timely filed a concise statement, but mislabeled the statement "Post Sentence Motions."[3] On April 24, 2015, the trial court filed an opinion that deemed all of Appellant's issues waived for failure to file a Pa.R.A.P. 1925(b) statement.

While the trial court is correct that a complete failure to file, or failure to timely file, a Pa.R.A.P. 1925(b) statement would result in waiver of Appellant's claims on appeal, a finding of waiver does not end the trial court's analysis or require it to ignore the issues raised. *Commonwealth v. Thompson*, 39 A.3d 335, 341 (Pa.Super.2012). "[If] counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit counsel to file

---

*(Footnote Continued)* ————————

(Pa.Super.2015) ("When computing the 30–day filing period '[if] the last day of any such period shall fall on Saturday or Sunday ... such day shall be omitted from the computation.' 1 [Pa.C.S.] § 1908.").

[3] Appellant raises the following issues in his erroneously labeled statement:

> 1. There was insufficient evidence presented at trial for the jury to render Devin Smith guilty of third degree murder.
>
> 2. That the fact witnesses presented had all recanted their testimony thus rendering their credibility unreliable and not suitable for presentation to the jury.

Appellant's "Post Sentence Motions," filed January 12, 2015 (verbatim).

a statement *nunc pro tunc* and address the issues raised in a subsequent Rule 1925(a) opinion." ***Id.***

Here, however, Appellant did timely file a concise statement. Although Appellant erroneously labeled his statement "Post Sentence Motions," he obviously filed it to preserve his issues on appeal, pursuant to the trial court's request. Thus, we remand to the trial court for the filing of a Rule 1925(a) opinion addressing the issues raised in Appellant's mislabeled concise statement.

Case remanded for further proceedings consistent with this decision. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015