J-A12035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEISHA COLES, | |
| Appellant | No. 1964 EDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001201-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JUNE 14, 2016**

This is an appeal from the judgment of sentence entered by the Honorable George A. Pagano of the Court of Common Pleas of Delaware County after convicting Appellant Keisha Coles of False Identification to Law Enforcement Authorities.[1]  Appellant claims the evidence is insufficient to support her conviction.  We affirm.

On February 13, 2015, at approximately 9:35 p.m., Pennsylvania State Trooper Matthew Gibson conducted a traffic stop of a vehicle after noticing one of the vehicle's taillights was not illuminated.  Appellant was riding as a passenger in the front seat of the vehicle.  After Trooper Gibson approached the vehicle, he noticed Appellant was not wearing her seatbelt.

_____

[1] 18 Pa.C.S. § 4914(a).

*Former Justice specially assigned to the Superior Court.

Trooper Gibson then asked Appellant for identification and provided her with an index card for her to write personal information such as her first, middle, and last name, date of birth, current address, the last four digits of her Social Security number, and her signature. Trooper Gibson specifically explained to Appellant that her signature on the index card was an attestation that everything on the card was true and accurate as to her identity under the penalty of law insomuch as she was under investigation for not wearing her seatbelt. Appellant provided Trooper Gibson with a fake name, Lakeisha Wright, that could not be found in his computer database.

At this point, Trooper Gibson's partner, Trooper Walter Crump arrived on the scene. After Trooper Gibson briefed Trooper Crump on the circumstances of the stop, Trooper Crump approached the vehicle. Appellant told Trooper Crump her name was Nagima Coles, which was also a fake name. Trooper Gibson again was unable to find this name in the computer database. The troopers then placed Appellant under arrest for providing false information. As soon as Appellant was informed of her arrest, she provided the troopers with her actual identity and personal information. When she was asked to step out of the vehicle, the troopers discovered an open beer bottle at her feet.

Appellant waived her right to a jury trial and proceeded to a bench trial. On May 27, 2015, the trial court convicted Appellant of False Information to Law Enforcement but acquitted her of Restrictions on

Alcoholic Beverages, and Failure to Use Safety Belt.[2]  The trial court sentenced Appellant to six months probation.  This timely appeal followed.[3]

Appellant frames her argument with the following language:

> Whether the evidence is insufficient to support the bench trial guilty finding on False Identification to police because Trooper Gibson exceeded his authority and acted without jurisdiction by questioning [Appellant] Keisha Coles, an innocent mere passenger, on matters wholly unrelated to the enforcement of the Vehicle Code? 75 Pa.C.S. [§] 6308(b).

Appellant's Brief, at 5.

Although Appellant couches her argument in terms of the sufficiency of the evidence, she actually challenges Trooper Gibson's authority to ask for her identification and claims Trooper Gibson "intruded on her right to be left alone."  Appellant's Brief, at 11.  Essentially, Appellant claims that she was subject to an illegal seizure when questioned by Trooper Gibson.  This argument should have been raised in a pretrial suppression motion pursuant to Pa.R.Crim.P. 323, which provides in relevant part:

**Rule 323. Suppression of Evidence**
(a) The defendant or his attorney may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

---

[2] 75 Pa.C.S. §§ 3809(a), 4581(a)(2)(ii), respectively.
[3] Appellant's counsel admittedly filed an untimely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, the trial court granted Appellant's request for a time extension due to *per se* ineffectiveness of defense counsel.  **See Commonwealth v. Thompson**, 39 A.3d 335 (Pa.Super. 2012) (finding defense counsel *per se* ineffective for failing to file a 1925(b) statement within the court ordered deadline)).

(b) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 306. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 323. This Court has held that the "failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal." *Commonwealth v. Collazo*, 654 A.2d 1174, 1176 (Pa.Super. 1995) (citation omitted). As Appellant did not file a pretrial motion, but first suggested this challenge in defense counsel's closing statement, we find this issue waived for our review.

To the extent that Appellant is claiming that her conviction is not supported by sufficient evidence, her claim fails. Section 4914 provides that an individual may be convicted of providing False Information to Law Enforcement Authorities if he "furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law." 18 Pa.C.S. § 4914(a).

Appellant concedes that Trooper Gibson approached her in uniform and asked for her personal information after informing her that she was under investigation for not wearing her seatbelt. Trooper Gibson specifically explained to Appellant that her signature on the index card with her identification information was an attestation that everything on the card was true and accurate as to her identity under the penalty of law. Appellant

- 4 -

admits to giving the troopers two false names to identify herself. Accordingly, we find the Commonwealth presented sufficient evidence to convict Appellant of providing False Information to Law Enforcement Authorities.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016