J-S01015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.                  :
:
:
HEATHER MICHELE WEINGARD     :
:
Appellant        :     No. 805 MDA 2020

Appeal from the Judgment of Sentence Entered May 26, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001486-2019

BEFORE:    LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 12, 2021**

Heather Michele Weingard appeals from the judgment of sentence, entered in the Court of Common Pleas of Schuylkill County, after a jury convicted her of driving under suspension—DUI related (third or subsequent violation).[1]  After our review, we affirm.

At approximately 8:15 p.m. on April 24, 2019, Officer Adam Sajone of the Shenandoah Borough Police Department was on routine patrol in an unmarked vehicle travelling westbound on East Center Street in the borough. *See* N.T. Trial, 3/12/20, at 16-17.  Officer Sajone observed a Dodge truck, which he knew to be a vehicle driven by Weingard's boyfriend, pull out of North Lehigh Street onto East Center Street.  *See id.* at 17.  Officer Sajone

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(b)(1)(iii).

followed the truck as it proceeded up East Center Street and made a left-hand turn onto South Main Street. *See id.* at 18. When the truck stopped at a stoplight, Officer Sajone pulled alongside the vehicle and identified the driver as Weingard, whom he was aware did not possess a valid driver's license. *See id.* at 18, 19. When the light turned green, Weingard made a left turn onto East Oak Street; Officer Sajone proceeded down Main Street, made the next left turn onto East Cherry Street, and caught up to Weingard on White Street. *See id.* at 19. Officer Sajone activated his emergency lights and conducted a traffic stop of Weingard's vehicle on the unit block of North White Street. *See id.* During the stop, Weingard did not present Officer Sajone with a valid driver's license. *See id.* at 21. On April 29, 2019, Officer Sajone obtained Weingard's certified driving history, which indicated that her driving privileges were suspended. *See id.* at 22. The document also noted a June 10, 2016 violation for chemical test refusal[2] and three previous violations for driving under suspension—DUI related.[3] *See id.* at 23-24.

A jury convicted Weingard of driving under suspension[4] on March 12, 2020 and, on May 26, 2020, the trial court sentenced her to a term of 6 to 12

---

[2] 75 Pa.C.S.A. § 1547(b)(1).

[3] 75 Pa.C.S.A. § 1543(b). Those violations occurred on August 16, 2016, May 29, 2017, and November 29, 2018. Weingard was convicted of the first two offenses on September 14, 2017, and of the third on January 10, 2019.

[4] The Commonwealth *nolle prossed* one count of driving without a license pursuant to 75 Pa.C.S.A. § 1501(a).

months' imprisonment,[5] plus costs. Weingard filed a timely notice of appeal on June 4, 2020. On June 9, 2020, the trial court ordered Weingard to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Weingard failed to file a Rule 1925(b) statement and, on July 22, 2020, the trial court issued a Rule 1925(a) opinion recommending that Weingard's appeal be dismissed for failure to preserve any claims. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in Rule 1925(b) statement waived). Subsequently, on July 24, 2020, Weingard filed her Rule 1925(b) statement and the trial court submitted a supplemental opinion addressing the sole issue raised therein.[6]

Weingard raises the following claim for our review: "Did the Commonwealth fail to prove [Weingard] violated 75 Pa.C.S.A. § 3802(a)(1) as a predicate to this conviction?" Brief of Appellant, at 4.

Weingard's claim challenges the sufficiency of the evidence. Such a claim presents a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Neysmith***, 192 A.3d 184, 189 (Pa. Super. 2018). When reviewing a sufficiency claim, this Court is required to view the evidence in the light most favorable to the verdict

---

[5] Weingard was ordered to serve two months in the Schuylkill County Prison, followed by four months on an electronic monitor.

[6] When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed the appellant's claims, we may address the merits of the issues presented. ***Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa. Super. 2012).

winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Id.***

Essentially, Weingard seeks to collaterally attack the 2016 suspension of her driving privileges for refusing to submit to chemical testing under section 1547 of the Motor Vehicle Code, claiming that "there is no indication that [Weingard] was ever arrested for a violation of 75 Pa.C.S.A. § 3802(a)(1)" or any other offense enumerated in section 1547(a).[7] Because

---

[7] Section 1547 provides, in relevant part, as follows:

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

(b) Civil penalties for refusal.—

(1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person[.]

75 Pa.C.S.A. § 1547(a) and (b).

the predicate suspension is unsound, Weingard claims her current conviction for driving under suspension cannot stand. This claim is without merit.

Section 1543 of the Motor Vehicle Code provides, in relevant part, as follows:

> (a) Offense defined.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.
>
> (b) Certain offenses.—
>
> (1) The following shall apply:
>
> . . .
>
> (iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

75 Pa.C.S.A. § 1543(a), (b).

Here, there is no evidence of record that Weingard ever sought to appeal her 2016 suspension at the time it was imposed. *See* 75 Pa.C.S.A. § 1550 (governing judicial review of driver's license suspensions). Accordingly, any present attempt to challenge its validity is patently untimely and cannot form the basis of a successful challenge to her instant conviction. The evidence presented by the Commonwealth was sufficient to convict Weingard of driving under suspension. Specifically, Officer Sajone testified that he observed Weingard operating a Dodge truck on the streets of Shenandoah Borough.

When he stopped her vehicle, she was unable to produce a driver's license. Weingard's Certified Driver History from the Pennsylvania Department of Transportation—admitted without objection—confirmed that her license status was "suspended" and that she had previously been thrice convicted of a section 1543 offense.

In light of the foregoing, and viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to convict Weingard of driving under suspension and any attempt to challenge her underlying license suspension is untimely.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2021