J-S18008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALEEM SALAAM | : | |
| | : | |
| Appellant | : | No. 2253 EDA 2020 |

Appeal from the October 21, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010096-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALEEM SALAAM | : | |
| | : | |
| Appellant | : | No. 2254 EDA 2020 |

Appeal from the October 21, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010097-2017

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JUNE 25, 2021**

Appellant, Saleem Salaam, appeals from the order entered in the Philadelphia County Court of Common Pleas on October 15, 2020. We affirm.

Due to our disposition of this case, a detailed description of the underlying factual history is unnecessary. Briefly, on December 17, 2018,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant entered an open guilty plea to one count each of endangering the welfare of a child and third-degree murder. On July 2, 2019, he was sentenced to an aggregate term of twenty to forty years' incarceration.[1]

On September 24, 2019, Appellant filed a *pro se* PCRA petition alleging ineffectiveness of plea counsel. Counsel was appointed and later filed a **Finley**[2] no-merit letter and a petition to withdraw as counsel.

On August 28, 2020, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant was expressly given twenty days within which to respond.

On October 15, 2020, the PCRA court entered an order dismissing the petition and granting counsel leave to withdraw. On October 22, 2020, the PCRA court received a *pro se* motion for extension of time to file objections to the Rule 907 notice. In the motion, Appellant stated he needed more time to respond due to the COVID-19 pandemic and its effect on his access to the law library. The motion was hand dated September 9, 2020, and stamped as filed

---

[1] Appellant was previously sentenced on June 14, 2019 to twenty to forty years' incarceration for third degree murder, and one and a half to seven years' incarceration for endangering the welfare of a child, to run concurrently. However, after the court determined this sentence was illegal, that sentence was vacated and the court imposed a new sentence of twenty to forty years' incarceration for third degree murder, with no further penalty for endangering the welfare of a child.

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

on September 11, 2020, within the twenty-day time frame.[3] The PCRA court dismissed the motion as moot based on its previous order dismissing the PCRA petition, and stating that the motion was not forwarded to the judge's chambers until October 22, 2020. This timely appeal followed.

On November 16, 2020, the PCRA court issued an order, pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors complained of on appeal by December 7, 2020. After no response was received by that date, the PCRA court filed an opinion on January 8, 2021, pursuant to Rule 1925(a), finding Appellant had waived all issues on appeal by failing to file a concise statement in violation of Rule 1925(b).

Appellant raises a single issue on appeal, as follows:

> Whether appellant's due process rights were violated when he was not provided adequate time to respond to the 907 notice as the PCRA court violated Rule 907 by failing to grant an extension of time for appellant to file objections to the 907 notice?

Appellant's Brief, at 7 (paginated for clarity).

While we agree that there appears to have been some kind of breakdown in the handling of Appellant's motion for an extension of time, we are constrained to find Appellant has waived his issues on appeal by failing to

---

[3] We note the Office of Judicial Records received and docketed Appellant's motion for an extension of time on September 11, 2020. As September 17, 2020 was the 20th day after the Rule 907 notice was filed, Appellant's motion was timely. Therefore, it does appear that there was some kind of breakdown in operations of the court in the treatment of Appellant's motion as the document was not forwarded to the judge's chambers until over a month later.

file a concise statement in violation of Rule 1925(b). Generally, a failure to file a concise statement results in waiver of all issues on appeal. **See Commonwealth v. Thompson**, 39 A.3d 335, 338 (Pa. Super. 2012). If the appellant is represented by counsel, such a failure constitutes ineffectiveness *per se* and we must remand for a *nunc pro tunc* filing. **See id**. at 338-39. However, since Appellant is *pro se*, he cannot assert his own ineffectiveness. **See Commonwealth v. Fletcher**, 986 A.2d 759, 773 (Pa. 2009). As such, the general rule, resulting in waiver, applies. This error is consequently fatal to Appellant's appeal.

Further, Appellant has never identified what issues he would have raised in his response to the 907 notice. His appellate brief merely addresses the PCRA court's failure to entertain his request for an extension. As a result, any other issue contained in his PCRA petition is waived for purposes of this appeal.

As Appellant failed to preserve any issues for appellate review, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2021