J-S37010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| KHALIL PUGH | : : | |
| Appellant | : | No. 310 EDA 2022 |

Appeal from the PCRA Order Entered January 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007367-2017

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 21, 2022**

Khalil Pugh appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant's underlying charges stem from an incident where he entered a residence, "poured lighter fluid on the first floor and ignited it.  The resulting fire caused the death of the victim, who was in the second[-]floor bedroom at the time." ***Commonwealth v. Pugh***, 236 A.3d 1131 (Pa.Super. 2020) (non-precedential decision at 2).  The fire marshal determined that the fire was a result of arson and a forensic pathologist concluded that inhalation of products of combustion caused the victim's death.  ***Id***.  Seven days after the fire, Appellant met with police and provided a video statement.  Therein, he confessed to going into the home, pouring lighter fluid on a couch, and lighting it on fire.  ***Id***.  "Appellant's girlfriend also gave a written statement to police

that she observed Appellant take a bottle of lighter fluid and walk outside saying 'that he was going to light the house on fire.'" ***Id***.

Prior to trial, counsel filed several motions based on a defense that the above-referenced confession and statement were coerced by then-detective James Pitts. ***See*** Motion to Suppress, 5/2/18; Motion to Compel Disclosure of Impeaching Information, 5/23/18; Motion to Admit Prior Bad Acts of Detective James Pitts Pursuant to Pa.R.E. 404(b), 6/18/18; Motion to Dismiss for Prosecutorial Misconduct, 6/18/18; Motion to Compel Disclosure of the Philadelphia District Attorney's Office Second List of Problematic Police Officers and Detectives, 6/19/18.

On June 25, 2018, the day set for trial, the Commonwealth offered a plea deal to Appellant. In exchange for a guilty plea to third-degree murder and possessing an instrument of crime ("PIC"), the Commonwealth would recommend a sentence of fifteen to thirty years of incarceration and withdraw the remaining charges, which included first and second-degree murder. Appellant had the opportunity to speak with counsel regarding the plea offer for approximately three hours that morning. Appellant rejected the plea offer because he had not had time to discuss it with his family. ***See*** N.T. Guilty Plea Volume 1, 6/25/18, at 15-16.

The court offered additional explanation surrounding pleas and trials generally and as it pertained specifically to Appellant's case and granted Appellant additional time to discuss with counsel. ***See id***. at 8-18. Thereafter, Appellant decided to accept the plea offer and forgo proceeding on the pre-

trial motions. *See id*. at 18-19. The court began to conduct a colloquy of Appellant's decision. *See id*. at 19-28. However, the court rejected the plea once Appellant disagreed with the Commonwealth's summary of the alleged facts. *See id*. at 35-36. As a result, the court declared that it would consider Appellant's motion to suppress and motion under Rule 404(b) following a lunch break. *See id*. at 46. Additionally, trial counsel had requested assistance with unanswered subpoenas from the City Solicitor's Office for information regarding various detectives. The court noted that after the lunch break it would consider counsel's offer of proof as to those and suggested that counsel contact the City Solicitor's Office regarding their failure to comply with the subpoenas. *See id*. at 47-49.

Following the lunch break, Appellant stated that he wanted to plead guilty. *See id*. at 49. The court picked up where it had left off and finished conducting a thorough colloquy, with Appellant agreeing with the underlying recitation of facts, stating that he was satisfied with trial counsel's representation, forgoing the issues in the pre-trial motions, and verifying that he was voluntarily pleading guilty. *See id*. at 51-60. The trial court sentenced Appellant based upon the recommendation to concurrent sentences of fifteen to thirty years of incarceration for third-degree murder and one to two years of incarceration for PIC.

On July 11, 2018, Appellant filed *pro se* a petition to withdraw his guilty plea, claiming that trial counsel was ineffective. As a result, trial counsel filed a motion to withdraw, which the court granted. New counsel was appointed

but was subsequently permitted to withdraw due to irreconcilable differences. While the motion to withdraw his guilty plea remained pending, Appellant filed *pro se* a PCRA petition. New counsel was appointed to represent Appellant. At a hearing, counsel withdrew Appellant's PCRA petition and chose to proceed on the pending motion to withdraw Appellant's guilty plea. Although untimely filed, the trial court granted counsel's request to accept Appellant's motion to withdraw his guilty plea as timely filed *nunc pro tunc*. At the hearing, Appellant "contended that his plea was involuntary because his attorney was not prepared for trial and had not conducted an adequate investigation." PCRA Court Opinion, 3/4/22, at 2. The court denied Appellant's motion.

Appellant filed a direct appeal to this Court. Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Counsel explained that Appellant wished to argue that "his confession was coerced by a corrupt Philadelphia Police detective, James Pitt, and his plea was involuntary because plea counsel had not properly subpoenaed a known witness and City of Philadelphia files on Detective Pitts." ***Pugh***, ***supra*** (non-precedential decision at 6) (cleaned up). This Court granted counsel's petition to withdraw and affirmed Appellant's judgment of sentence. Appellant did not seek further direct review.

Thereafter, Appellant retained instant counsel and filed the underlying timely PCRA petition. Within the petition, Appellant raised an ineffective assistance of counsel claim against trial counsel, arguing that he "was

- 4 -

ineffective for failing to properly pursue a claim against corrupt Philadelphia Detective James Pitts and the suppression of the false confession he coerced from [Appellant] and the false statement he secured from [Appellant's girlfriend]." PCRA Petition, 2/26/21, at 8. Additionally, Appellant argued that counsel was ineffective for failing to follow Appellant's chosen defense based on the misconduct of Detective Pitts. *Id*. at 25-26. The Commonwealth filed a motion to dismiss and Appellant filed a brief in opposition.

On December 3, 2021, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Specifically, the court found that the basis for Appellant's claims of ineffective assistance of counsel were identical to the basis for Appellant's previously litigated motion to withdraw his guilty plea. As the court had held an evidentiary hearing on that motion and concluded Appellant was not coerced into pleading guilty, the court found that Appellant's PCRA claim was without merit. *See* Rule 907 Notice, 12/3/21. As to Appellant's claim that counsel was ineffective for failing to pursue Appellant's chosen defense, the court found that claim frivolous because Appellant entered a knowing, intelligent, and voluntary plea. *Id*. Appellant did not respond, and on January 21, 2022, the PCRA court dismissed Appellant's petition.

This timely appeal followed. The PCRA court ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) by February 15, 2022. Appellant filed his statement one day late. However, because the PCRA court addressed the issues Appellant raised in his concise statement in its Rule

1925(a) opinion, the issues are ripe for our review.[1] On appeal, Appellant presents the following issue: "Did the PCRA court err by denying, without a hearing, Pugh's claim of ineffective assistance of plea counsel?" Appellant's brief at 4.

On appeal from a PCRA court's decision, our scope of review is "limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*) (cleaned up). The PCRA court's credibility determinations are binding on this Court when supported by the certified record, but we review its legal conclusions *de novo*. *Id*. (citation omitted).

Appellant raised two PCRA claims, both of which challenge the effective assistance of trial counsel. We observe that counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. *Id*. (citation omitted). To do so, he must establish the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

---

[1] *See Commonwealth v. Williams*, 245 A.3d 710, 715 (Pa.Super. 2021) ("'When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues, we need not remand [pursuant to Rule 1925(c)(3)] and may address the merits of the issues presented.' *Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa.Super. 2012).").

*Id*. (citations omitted). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. *Id*. (citation omitted).

Appellant first argues that trial counsel was *per se* ineffective for failing to pursue Appellant's desired defense at trial. *See* Appellant's brief at 15. In support thereof, Appellant relies on *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), wherein the Supreme Court of the United States held as follows:

> [A] defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty. Guaranteeing a defendant the right "to have the **Assistance** of Counsel for **his** defence," the Sixth Amendment so demands. With individual liberty—and, in capital cases, life— at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

*Id*. at 1505 (emphases in original). According to Appellant, trial counsel was aware that Appellant wanted to pursue a defense based on the misconduct of Detective Pitts, and in fact attempted to pursue the defense by filing the above-noted pre-trial motions. However, Appellant argues that counsel's failure to diligently pursue that defense resulted in a functional abandonment of the defense, thereby forcing Appellant to plead guilty. *See* Appellant's brief at 16 ("[Appellant] showed up on the day of trial with a lawyer who was not ready to effectuate his desired defense and was faced with the choice between proceeding with an unprepared lawyer or accepting a plea bargain.").

The PCRA court dismissed this claim, finding that *McCoy* was "completely inapposite[.]" PCRA Court Opinion, 3/4/22, at 7. The court elucidated as follows:

> In *McCoy*, trial counsel for defendant in the guilty phase of a capital murder trial, told the jury that the defendant committed three murders and was guilty. Counsel did this as part of his strategy for defendant to avoid the death penalty, even though defendant adamantly denied his guilt and instructed counsel not to concede defendant's guilt. The Supreme Court held that by conceding defendant's guilt, notwithstanding defendant's adamant insistence o[f] his innocence, trial counsel denied defendant the effective assistance of counsel.
>
> *McCoy* provides no support for defendant in the case at bar. Unlike the defendant in *McCoy*, who went to trial and wished adamantly to assert his innocence, [Appellant] admitted his guilt in a thorough colloquy under oath. Moreover, as stated above, after reviewing the record of the guilty plea hearing, our Superior Court concluded, in rejecting [Appellant's] direct appeal, that "the record establishes that [Appellant] knowingly and voluntarily entered his guilty plea. The Superior Court agreed with [Appellant's] counsel, who had filed an *Anders* brief, that [Appellant's] claim that he was coerced into pleading guilty because trial counsel did not properly prepare for trial was frivolous. Of course, once [Appellant] has knowingly and voluntarily pled guilty, he has abandoned any claim of innocence, and there are no trial strategies to pursue.

*Id*. at 7 (citations and footnote omitted).

We agree with the cogent analysis of the PCRA court. As the certified record supports the conclusions of the PCRA court, we affirm as to this issue on the basis of the above-stated analysis of the PCRA court. *See id*.

Finally, Appellant argues that the PCRA court erred in concluding that he could not prove his PCRA claims of ineffective assistance of counsel because he did not prevail on his motion to withdraw his guilty plea. *See* Appellant's

- 8 -

brief at 17. In support, Appellant notes that the standards of review for the withdrawal of a guilty plea and collateral review of ineffective assistance of counsel claims are not the same. *See id*. at 17-18. Whereas Appellant had to demonstrate manifest injustice to withdraw his plea, to succeed on his PCRA petition Appellant needed only to show that "but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Id*. at 18. Appellant further argues that the question of why Appellant pleaded guilty "is a purely factual question and thus the PCRA court abused its discretion in failing to hold an evidentiary hearing to resolve that question." *Id*. at 22.

The PCRA court elaborated on its reasoning for dismissing this PCRA claim as follows:

> Here, the gravamen of [Appellant's] claim on appeal is that the [c]ourt erred by denying his ineffective assistance of counsel claim on the basis of the previously litigated motion to withdraw his guilty plea. He alleges that the court failed to consider that the two claims are distinct and covered by different legal standards. However, [Appellant's] claim completely misrepresents the basis for the court's decision. At no time did the court apply the legal standard for withdrawal of a guilty plea to reject [Appellant's] claim of ineffective assistance of counsel. What the court found, which is fully supported by the record, is that in the case at bar, the **factual basis** for [Appellant's] ineffective assistance of counsel claim was identical to the **factual basis** that [Appellant] had asserted in support of his motion to withdraw the guilty plea.
>
> In particular, [Appellant's] motion to withdraw his guilty plea was premised upon the factual contention that [Appellant] was coerced into pleading guilty by trial counsel's failure to prepare for trial and counsel's failure to subpoena necessary witnesses and documents. [Appellant] claims that this coercion rendered his guilty plea to be involuntary. That same alleged coercion was the entire factual basis for [Appellant's] claim in his

PCRA petition, that is, counsel's identical lack of preparation for trial coerced [Appellant] to plead guilty, thereby depriving [Appellant] of the effective assistance of counsel. That factual issue was fully litigated, during a plenary hearing on [Appellant's] motion to withdraw guilty plea, with the court finding that [Appellant] was not coerced into pleading guilty by his trial attorney's alleged lack of preparation. That finding of the court was affirmed by the Superior Court in rejecting [Appellants'] direct appeal.

As [Appellant] was not, in fact, coerced into pleading guilty by trial counsel's lack of trial preparation, [Appellant] cannot now prove that counsel's alleged ineffectiveness caused an involuntary or unknowing plea. As a result, the existing record refuted [Appellant's] ineffective assistance of counsel claim, and it was correctly rejected without a further evidentiary hearing on the identical factual issue.

PCRA Court Opinion, 3/4/22, at 5-6 (citations and unnecessary capitalization omitted).

Upon review, the certified record once again supports the conclusions of the PCRA court. Accordingly, we affirm as to this issue on the basis of the above-quoted analysis. *See id*.

Based on the foregoing, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2022

- 10 -