J-S55026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PATRICIA HALGASH | |
| Appellant | No. 1874 MDA 2016 |

Appeal from the Judgment of Sentence October 20, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004545-2015

BEFORE:  DUBOW, RANSOM, and STRASSBURGER, JJ.[*]

JUDGMENT ORDER BY RANSOM, J.:                **FILED OCTOBER 02, 2017**

Appellant, Patricia Halgash, appeals from the judgment of sentence of four years and three days to fifteen years of incarceration, imposed October 20, 2016, following a jury trial resulting in her convictions for homicide by vehicle, homicide by vehicle while driving under the influence, aggravated assault by vehicle, aggravated assault by vehicle while driving under the influence, DUI – general impairment, DUI – controlled substance-combination of alcohol and drugs, and disregarding traffic lanes.[1]  We affirm.

On July 14, 2016, a jury convicted Appellant of the aforementioned charges.  On October 20, 2016, she appeared for sentencing and was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S. §§ 3732(a), 3735(a), 3732.1(a), 3735.1(a), 3802(a)(1), 3802(d)(3), and 3309(1), respectively.

sentenced to four years and three days to fifteen years of incarceration.[2] Appellant timely appealed and, on November 23, 2016, the court ordered her to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not file a statement. In its memorandum opinion filed pursuant to Pa.R.A.P. 1925(a), the court stated:

> Defendant has failed to file and serve a statement of matters complained of on appeal as directed in my Pa.R.A.P. 1925 Order dated November 23, 2016.
>
> Accordingly, it is requested that the Court dismiss Defendant's Appeal.

*See* Trial Court Opinion (TCO), 12/21/16, at 1.

Where a trial court orders an Appellant to file a Pa.R.A.P. 1925(b) statement, the Appellant must comply in a timely manner. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. *Id.*; *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived."). The record reflects that the trial court issued an order requiring Appellant to submit a Rule 1925(b) statement and that Appellant failed to file such a statement within twenty-

---

[2] The sentencing notes are not included in the certified record, but as Appellant does not challenge her sentence, we have not requested them.

one days of the date of that order. Appellant has not attempted to explain her failure to file a statement nor even mentioned this failure in her brief. Thus, due to Appellant's failure to submit a Rule 1925(b) statement, we conclude that any issues she wished to raise have been waived.

Appellant's counsel has filed a reply brief in which he asserts that he never received the Pa.R.A.P. 1925(b) order due to the fact that it was sent to the wrong address. *See* Reply Brief at 5. Counsel argues that Appellant should not be punished for an administrative error of the judicial system. *Id.* We do not accept this explanation as plausible or excusable.

Initially, we note that the docket reflects that the Pa.R.A.P. 1925(b) order was issued November 23, 2016. The order itself reflects that a copy was sent to counsel at 1500 JFK Blvd., Suite 900, Philadelphia, Pennsylvania, 19102, which counsel avers was the wrong address. While Appellant claims that the court did not update the docket to reflect his correct address, it is counsel's responsibility to ensure his address is correct and up to date. *See* Pa.R.Crim.P. 120; *see also* L.C.R.Crim.P. No. 120 (noting that the entry of appearance must include the attorney's address, phone number, attorney ID number, and email address). Further, the court's Pa.R.A.P. 1925(a) opinion, with that same order attached, was served upon counsel by electronic service on December 21, 2016. Counsel does not address this service, nor does he explain why, since he was served with the court's opinion and order on December 21, 2016, his May 17, 2017 brief does not acknowledge the waiver. If counsel truly was unaware of the

issuance of the order until receipt of the electronic filing, he could have acknowledged the waiver in his brief and requested that this Court remand the matter for the filing of a Pa.R.A.P. 1925(b) statement.

The failure to file a Pa.R.A.P. 1925(b) statement is *per se* ineffectiveness. **See Commonwealth v. Thompson**, 39 A.3d 335, 339-40 (Pa. Super. 2012); **see also** Pa.R.A.P. 1925(c)(3). Accordingly, Appellant is free to file a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, while she has the opportunity to do so.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2017