J. S58012/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALAN PIERCE, | : | No. 2008 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 4, 2016,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0000080-1974


BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 06, 2017**

Alan Pierce, ***pro se***, appeals the order of November 4, 2016, by the Court of Common Pleas of York County that dismissed his second PCRA[1] petition as untimely without a hearing.  After careful review, we affirm.

The factual history of this matter as recounted by the PCRA court is as follows:

> On May 24, 1974, [appellant] was found guilty of First Degree Murder.  On May 24, 1974, [appellant] was sentenced to life imprisonment without the possibility of parole.  [Appellant] did not file an appeal with the Superior Court.  Therefore, [u]nder the PCRA, [appellant's] judgment of sentence became final on June 24, 197[4].[2] [Appellant] filed a PCRA petition on January 7, 1997,

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] The 30-day appeal period is extended one day because the 30th day fell on Sunday, June 23, 1974.  1 Pa.C.S.A. § 1908.

> which petition was denied by the Court of Common Pleas on December 31, 1997. [Appellant] then filed an appeal with the Superior Court. This appeal was denied by the Superior Court. [Appellant] filed the instant Petition, his second PCRA, on March 28, 2016.

PCRA court opinion, 11/4/16 at 1.

On October 3, 2016, pursuant to Pa.R.Crim.P. 907(1), the PCRA court issued a notice of its intention to dismiss without a hearing. Appellant did not respond to the notice. On November 4, 2016, the PCRA court dismissed appellant's petition. Appellant filed a notice of appeal which was dated November 28, 2016, but filed on December 6, 2016.[3] On December 19, 2016, the PCRA court issued an order pursuant to Pa.R.A.P. 1925(b) and directed appellant to file a concise statement of errors complained of on appeal.

On March 15, 2017, the PCRA court issued a statement pursuant to Rule 1925(a) to the effect that appellant failed to respond to its Rule 1925 order and requested this court to dismiss the appeal.

> In 1998, our Supreme Court held that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306, 309 (1998). Subsequently, in ***Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005), the

---

[3] Under the prisoner mailbox rule, a petition filed by a prisoner is deemed "filed" on the date it is deposited with prison authorities for mailing. ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997). Under this rule the appeal was timely.

> Supreme Court affirmed its holding in **Lord**, ruling that a failure to file a 1925(b) statement within 14 days[Footnote 8] after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver.
>
>> [Footnote 8] **Lord** and **Castillo** examined the application of the previous version of Pa.R.A.P. 1925. Under that version, when the trial court entered an order directing the appellant to file a concise statement, the appellant had only 14 days to file the statement. Pa.R.A.P. 1925(b) (2007).

**Commonwealth v. Thompson**, 39 A.3d 335, 338 (Pa.Super. 2012) (additional footnotes omitted).

Instantly, the record clearly indicates that appellant failed to comply with the trial court's Rule 1925(b) order. The statement does not appear anywhere in the certified record, nor did he attach any such statement to his brief as required by Pa.R.A.P. 2111(d). As such, appellant has waived all issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph are waived."). Moreover, even if we were to address appellant's appeal, we would affirm the PCRA court's denial of relief on the **Miller v. Alabama**, 567 U.S. 460 (2012), issue in that appellant was 19 years old at the time he committed the murder.

Order affirmed.

J. S58012/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2017