J-S75025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NATHANIEL DARBY :
:
Appellant : No. 3828 EDA 2016

Appeal from the Judgment of Sentence June 23, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001014-2015

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 15, 2019**

Appellant Nathaniel Darby appeals from the judgment of sentence following his conviction for aggravated assault.[1] Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court ably set forth the facts of this case and summarized the testimony presented at trial in its opinion denying Appellant's post-sentence motion. **See** Trial Ct. Op., 1/17/18, at 2-5. Appellant waived the right to a jury trial, and the matter proceeded to a bench trial on March 1, 2016. The following day, Appellant was found guilty of aggravated assault. On June 23,

---

[1] 18 Pa.C.S. § 2702(a)(1).

2016, the trial court sentenced Appellant to a standard range sentence of 8½ to 17 years' incarceration.[2]

Appellant filed a post-sentence motion on June 27, 2016, seeking a modification of his sentence. On August 12, 2016, the trial court docketed Appellant's *pro se* notice of appeal. On November 2, 2016, on application from the Montgomery County Public Defender's Office, this Court quashed Appellant's *pro se* appeal as interlocutory. **See** Order, 2583 EDA 2016, 11/2/16 (citing **Commonwealth v. Borrero**, 692 A.2d 158, 160 (Pa. Super. 1997)). The trial court denied Appellant's post-sentence motion on November 14, 2016. **See generally Borrero**, 692 A.2d at 160.

Appellant filed a notice of appeal on December 14, 2016. On December 16, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, which he filed on February 2, 2017.[3] Thereafter, the trial court issued an opinion addressing Appellant's claim.

Appellant raises one question on appeal:

Did the trial court's failure to place proper consideration on the substantial mitigating factors presented at sentencing—such as [Appellant]'s serious medical conditions; his traumatic birth,

---

[2] Based on Appellant's designation as a RFEL (repeat felon) and an offense gravity score of 11, the standard minimum guideline range was 7 to 8½ years' incarceration. **See** 204 Pa.C.S. § 303.16(a).

[3] Appellant's Rule 1925(b) statement, filed 48 days after the trial court's order, was untimely. However, "when counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented." **Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) (citation omitted).

childhood, and upbringing; and his demonstrated history of serious mental illness, including PTSD and bi-polar disorder— render the sentence manifestly unreasonable?

Appellant's Brief at 2.

Appellant contends that his sentence is excessive, in that his "case involves special mitigating circumstances that make the application of a standard range sentence unreasonable." *Id.* at 10. Appellant asserts that the trial court did not properly consider the mitigating circumstances of his case, and instead appeared to "consider those factors as part of an overall assessment of his potential danger to society." *Id.* at 8.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue, we must determine

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

***Commonwealth v. Rush***, 162 A.3d 530, 543 (Pa. Super. 2017) (citation omitted).

The determination of whether there is a substantial question is made on a case-by-case basis. *Id.* "A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the

sentencing code or is contrary to the fundamental norms of the sentencing process." *Id.* (citation and quotation marks omitted).

Instantly, Appellant preserved his issue in a post-sentence motion and timely appealed from the denial of his post-sentence motion. Appellant also included in his brief a Pa.R.A.P. 2119(f) statement. Further, Appellant has raised a substantial question for our review. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that "an excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question" (citation omitted)).

Our standard of review in this context is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

In fashioning a sentence, "the trial court is required to consider the particular circumstances of the offense and the character of the defendant." *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); *see also* 42 Pa.C.S. § 9721(b)). The court should reference "the defendant's prior criminal record, age, personal characteristics,

and potential for rehabilitation." *Ventura*, 975 A.2d at 1135 (citation omitted). Although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). Further, this Court has held that "where the sentencing judge had the benefit of a pre-sentence investigation report [(PSI)], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Ventura*, 975 A.2d at 1135 (citation omitted).

This Court may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d),[4] and the trial

---

[4] Section 9781(d) provides:

> **(d) Review of record.—**In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b). **See Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013).

Here, at sentencing, the trial court provided a lengthy statement detailing the factors it considered in imposing Appellant's sentence. **See** N.T. Sentencing, 6/23/16, 24-31. Specifically, the court indicated that it considered the pre-sentence investigation report (PSI), a probation and parole intervention evaluation report (PPI), and the evidence submitted at trial. **See id.** at 26. The trial court acknowledged that Appellant was "an individual with addictions [and] mental health issues" but determined Appellant was also "a very violent individual," requiring a punishment that would "protect society." **Id.** at 29.

Additionally, the trial court's Rule 1925(a) opinion referred to the above-cited portion of the sentencing hearing, indicating the "lengthy list of considerations that the court took into account in fashioning Appellant's sentence," which included

> Appellant's health, both physical and mental; the PSI report; Appellant's statement to the PSI probation officer; the PPI evaluation report; Appellant's statement by way of allocution; the victim impact statement; Appellant's criminal history, especially the crimes of violence; the serious nature of the instant crime and Appellant's demonstrated failure to accept responsibility for his actions; Appellant's need for rehabilitation and his anger

_____

42 Pa.C.S. § 9781(d).

management issues; specific and general deterrence; [c]ounsel's well-made arguments, and the sentencing guidelines.

Trial Ct. Op., 1/7/18, at 12-13; *see also* N.T. Sentencing, 6/23/16, at 24-31.

Based on our review of the record, we find no support for Appellant's assertion that the trial court imposed an excessive sentence or failed to consider Appellant's mitigating factors. *See Rush*, 162 A.3d at 544. Moreover, we discern no basis to conclude that the trial court's balancing of the relevant sentencing factors was clearly unreasonable. *See* 42 Pa.C.S. § 9721(b); *Ventura*, 975 A.2d at 1135. Accordingly, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence. *See Raven*, 97 A.3d at 1253.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/19