J-A03004-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| KAITLYNN MACKENZIE WOLFE, | : | |
| Appellant | : | No. 91 WDA 2018 |

Appeal from the Judgment of Sentence November 29, 2017
in the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000026-2017

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED JUNE 11, 2019

I agree with the Majority that Appellant's untimely-filed Rule 1925(b) statement is per se ineffective assistance of counsel.  Majority at 6; see also Pa.R.A.P. 1925(b); Commonwealth v. Burton, 973 A.2d 428, 432-33 (Pa. Super. 2009).  However, because I believe the proper remedy is to remand this case for the trial court to author an opinion, I respectfully dissent.

In Burton, we held that where counsel has filed an untimely Rule 1925(b) statement, it "is the equivalent of a complete failure to file."  Burton, 973 A.2d at 433.  "[I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.  If the trial court did

* Retired Senior Judge appointed to the Superior Court.

not have an adequate opportunity to do so, remand is proper." 973 A.2d at 433. Here, because the trial court did not have an adequate opportunity to address Appellant's issues on appeal, the case should be remanded.

The case cited by the Majority, Commonwealth v. Thompson, 39 A.3d 335 (Pa. Super. 2012), supports this conclusion. There, the trial court had directed Thompson to file a Rule 1925(b) statement. When Thompson did not comply, the trial court issued a Rule 1925(a) opinion finding Thompson had waived all issues on appeal. Id. at 340. Thompson subsequently untimely filed the 1925(b) statement. Citing Burton, this Court held Thompson's counsel was per se ineffective for failing to file the statement within the court ordered deadline. Id. We held that because "the trial court's 1925(a) opinion ... did not address Thompson's issues," the proper remedy was to "remand for the trial court to file a Rule 1925(a) opinion addressing the issues raised in Thompson's untimely Rule 1925(b) statement...." Id. Similarly here, this Court should remand to the trial court to file a Rule 1925(a) opinion which addresses Appellant's issues on appeal.

Further, the case relied on by the Majority in declining to remand, Commonwealth v. Reeves, 907 A.2d 1 (Pa. Super. 2006), predates Burton, supra, and is distinguishable from the instant matter. Reeves did not involve an untimely-filed Rule 1925(b) statement, but rather, a vague statement that prevented the court from identifying the issue raised on appeal. The Rule 1925(b) statement at issue there was filed timely, but the specific issue

argued before this Court was not detailed in the Rule 1925(b) statement. Id. at 3. Because the Rule 1925(b) statement was vague, this Court held the issue waived. Id. Notably, in Reeves, waiver occurred due to the improper filing of a Rule 1925(b) statement, not because it was filed late or not at all. The improper filing of a Rule 1925(b) statement is not per se ineffectiveness of counsel. Burton, 973 A.2d at 433 ("Our holding does not apply when there has been an improper filing of a concise statement."). In contrast here, the procedural matter at issue is counsel's late, not improper, filing of the Rule 1925(b) statement. Because the untimely filing is per se ineffectiveness of counsel, Appellant is entitled to prompt relief in the form of remand. Id.

Accordingly, this Court should remand the case, retain jurisdiction, direct the trial court to author an opinion in response to the Rule 1925(b) statement, and direct counsel to ensure all relevant transcripts, including the suppression hearing transcript, are included in the certified record before its return to this Court.

For the foregoing reasons, I respectfully dissent.