J-S55034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JUNIOR SAVAGE | : | |
| | : | |
| Appellant | : | No. 330 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 3, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000204-2019

BEFORE: BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JANUARY 22, 2021**

Appellant, William Junior Savage, appeals from the aggregate judgment of sentence of nine to twenty-four months of confinement, which was imposed after he pleaded guilty to: corruption of minors – defendant age 18 or above; criminal attempt to commit indecent assault against person less than 13 years of age; and indecent exposure.[1] With this appeal, appellate counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. Additionally, Appellant has *pro se* filed a "Petition for Appointment of Counsel for Appeal." We grant appellate counsel's petition to withdraw, grant Appellant's petition for appointment of new counsel, and remand to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6301(a)(1)(ii), 901(a), and 3127(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

trial court for appointment of new counsel and for further proceedings consistent with this memorandum.

On December 20, 2019, Appellant *pro se* filed a petition with the trial court requesting that his counsel be dismissed and new counsel appointed, which the trial court denied that same day. Motion for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel, 12/20/2019; Order, 12/20/2019. On February 3, 2020, Appellant entered a guilty plea to the aforementioned charges and proceeded immediately to sentencing.

On February 14, 2020, Appellant *pro se* filed this timely direct appeal. On February 28, 2020, Appellant *pro se* filed another petition requesting that his counsel be dismissed and new counsel appointed. Motion for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel, 2/28/2020. There is nothing in the record indicating that the trial court responded to this request. On March 10, 2020, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3] On March 23, 2020, Appellant *pro se* filed a concise statement of errors, even though there is nothing in the record demonstrating that his counsel had been dismissed or had been permitted to withdraw. That same day, this Court entered an order stating that it had reviewed the docket and, upon discovering that Appellant was represented by counsel, *sua sponte* entered counsel's appearance; the order forwarded Appellant's *pro se* filings

_____

[3] A stamp on the order indicates that it was served on Appellant's counsel.

- 2 -

to counsel. On April 1, 2020, the trial court filed a one-page statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a), finding all claims frivolous and/or waived. On August 26, 2020, counsel filed an **Anders** brief with this Court.

Before we address the merits of Appellant's issues on appeal, we must first determine whether Appellant has preserved his claims for our review. Appellant was represented by counsel at the time his *pro se* filings were docketed by the trial court – *i.e.*, his notice of appeal and concise statement.[4]

> We note that *pro se* filings submitted by counseled defendants are generally treated as legal nullities. **See Commonwealth v. Ali**, 608 Pa. 71, 10 A.3d 282, 293 (2010). However, this Court has also recognized that a counseled defendant may act on his own behalf to protect important rights where counsel remains technically attached to the case, but is no longer serving his client's interest. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (requiring this Court to docket a timely *pro se* notice of appeal filed by counseled litigant).

**Commonwealth v. Muhammed**, 219 A.3d 1207, 1210 n.4 (Pa. Super. 2019). Accordingly, this Court was required to docket Appellant's *pro se* notice of appeal despite Appellant being represented by counsel. **Muhammed**, 219 A.3d at 1210 n.4 (citing **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016)).

However, we find no case law allowing a concise statement to be filed *pro se* by an appellant who is represented by counsel. Ergo, that concise

---

[4] The trial court never responded to Appellant's second request for new counsel, and, consequently, Appellant's trial counsel continued to represent him.

- 3 -

statement was a legal nullity, thereby failing to preserve all challenges raised therein.

Nevertheless, "[t]he complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." ***Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*). If counsel fails to file a concise statement pursuant to Pa.R.A.P. 1925(b) before the trial court files an opinion pursuant to Pa.R.A.P. 1925(a), the court in its opinion should note the *per se* ineffectiveness of counsel and permit counsel to file a statement *nunc pro tunc* or appoint new counsel, "because a failure to comply with the order would prohibit appellate review." ***Commonwealth v. Thompson***, 39 A.3d 335, 341 n.11 (Pa. Super. 2012) (citing ***Burton***, 973 A.2d 432 ("Filing of Rule 1925 concise statement when ordered is a 'prerequisite to appellate merits review' and is 'elemental to an effective perfection of the appeal.'")).

In the current action, counsel failed to serve his client's interest by doing nothing after Appellant entered his plea. ***See Muhammed***, 219 A.3d at 1210 n.4. Appellant filed a *pro se* notice of appeal and the court-ordered Rule 1925(b) concise statement, because his counsel failed to file either. Given counsel's consistent and continuous *per se* ineffectiveness, we remand this case back to the trial court with the directive to remove current counsel and to appoint new counsel to assist Appellant. ***See Burton***, 973 A.2d at 431-33; ***Thompson***, 39 A.3d at 341. In doing so, we hence grant appellate counsel's

petition to withdraw and likewise grant Appellant's petition for appointment of new counsel.

To restore Appellant's constitutional rights, new counsel must **promptly**[5] review Appellant's claims, file any post-sentence motions that he or she deems prudent and, if necessary, file an appeal. If ordered to do so by the trial court, new counsel must file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) or a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4), in lieu of filing a concise statement. New counsel may thereafter file an advocate's brief to this Court or a new *Anders* brief. In other words, new counsel may file proper post-sentence motions and, depending on the outcome, a counseled appeal. Accordingly, Appellant can be placed in the same position he would have been in if his current counsel had performed his duties, and Appellant's issues may be properly preserved for the trial court and any subsequent appellate review.

Petition to withdraw granted. Petition for appointment of new counsel granted. Case remanded with instructions. Jurisdiction relinquished.

---

[5] While we would normally include a date by which new counsel must be appointed and a chronology for any filings by new counsel, we are reluctant to issue a specific timeline given the coronavirus disease 2019 ("COVID-19") pandemic. Instead, we relinquish panel jurisdiction at this time so that the parties and the trial court may begin the appellate process anew, and we direct the court and the parties to comply with the standard timing requirements as much as possible.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/22/2021