J-S22016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL B. JOVICH :
:
Appellant : No. 309 MDA 2021

Appeal from the Judgment of Sentence Entered September 9, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000070-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED AUGUST 06, 2021**

Michael B. Jovich (Appellant) appeals from the judgment of sentence entered in the Lebanon County Court of Common Pleas following his jury convictions of two counts each of statutory sexual assault and indecent assault, and one count each of endangering the welfare of a child and corruption of a minor.[1] Appellant challenges the weight and sufficiency of the evidence for each of his convictions. We remand for further proceedings consistent with this memorandum.

Between March and September of 2018, Appellant lived with H.S. and her four children, one of them being G.S. (Victim). N.T., 6/18/20, at 38-39. Towards the end of March 2018, Appellant began to engage in "vaginal and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122.1(b); 3126(a)(8); 4304(a)(1); 6301(a)(1)(ii).

oral intercourse" with Victim. *Id.* at 40-42. During this time period, Victim was between 14 and 15 years old, and Appellant was aware of her age. *Id.* at 40. H.S.'s mother called the police in December of 2018, after observing Victim and Appellant engaging in sex on a nanny cam video. *See id.* at 23-24.

Appellant was charged with three counts each of statutory sexual assault and indecent assault, and one count each of endangering the welfare of a child and corruption of a minor. Following a one-day trial, on June 18, 2020, a jury found Appellant guilty of two counts each of statutory sexual assault and indecent assault, and one count each of endangering the welfare of a child and corruption of a minor, and not guilty of the remaining counts. On September 9, 2020, Appellant was sentenced to an aggregate term of 6 1/2 to 20 years' incarceration, followed by 6 years' probation. Appellant filed a timely post-sentence motion, which the trial court denied on January 26, 2021. Appellant then filed a timely notice of appeal.

On February 26, 2021, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, or no later than March 19, 2021. On March 24, 2021, the trial court entered an order finding all alleged errors to be raised on appeal waived because Appellant failed to file a timely Rule 1925(b) statement. *See* Order, 3/24/21. Appellant's counsel filed

a Rule 1925(b) statement *nunc pro tunc* the next day, on March 25, 2021.[2] Nevertheless, on March 26, 2021, the trial court issued an order, finding Appellant had waived all alleged errors to be raised on appeal.[3] **See** Order, 3/26/21.

Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides that, if an appellant in a criminal case, who is represented by counsel, is ordered to file a Rule 1925(b) statement, but fails to do so such that the appellate court is convinced that counsel has been *per se* ineffective, this Court shall remand for the filing of a statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial court. **See** Pa.R.A.P. 1925(c)(3).

In the instant case, Appellant was represented by counsel, and counsel filed a 1925(b) statement past the court-ordered deadline. A late filing is the functional equivalent of a non-filing and constitutes ineffectiveness *per se*. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (untimely filing of a 1925(b) statement is the equivalent of a complete failure to file and constitutes ineffectiveness *per se*).

_____

[2] Counsel explained the March 19, 2021, filing deadline "was inadvertently not entered into [his] scheduling system, and [his] failure to file a timely [s]tatement was not intentional." **See** Appellant's 1925(b) Statement, 3/25/21, at 3 (unpaginated).

[3] The trial court found there was no "material breakdown in the service of [its] order" and therefore Appellant's Rule 1925(b) statement was untimely filed. The trial court did not consider potential ineffectiveness *per se* claims arising from a late filing in this determination.

Under Rule 1925(c)(3), the remedy for *per se* ineffectiveness in criminal cases is to remand the appeal to the trial court, either for the filing of a 1925(b) statement *nunc pro tunc*, or the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely 1925(b) statement. ***See Commonwealth v. Thompson***, 39 A.3d 335 (Pa. Super. 2012) (remanding for responsive trial court opinion when Appellant filed an untimely Rule 1925(b) statement). Because, here, Appellant filed an untimely statement *nunc pro tunc*, we remand this case for the trial court to file a responsive Rule 1925(a) opinion within 45 days of this memorandum.

Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.