J-S26017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| QUDIRAH ALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YAMIRE SMITH | : | No. 231 MDA 2021 |

Appeal from the Order Entered January 7, 2021
In the Court of Common Pleas of Lycoming County
Civil Division at No. 20-20931

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:             **FILED SEPTEMBER 10, 2021**

Qudirah Allen (Appellant) appeals from the order denying her request for a final protection from abuse (PFA) order pursuant to 23 Pa.C.S.A. §§ 6101-2.  We affirm.

The PFA court explained:

On November 20, 2020, a Temporary PFA was entered in this matter relating to an incident that occurred on November 11, 2020 between [Appellant] and Defendant at the Cochran Primary School in Williamsport, Pennsylvania. The Temporary Order listed both [Appellant] and the parties' minor child as Protected Parties. A hearing on whether or not a Final PFA should be entered was held on January 7, 2021 at which time [Appellant] appeared and was represented by Lindsay Walker, Esquire and Defendant appeared and was unrepresented. At the hearing, [Appellant] and Defendant both testified as well as the principal of the school, Tom Bartholomew, and two other witnesses.

On the date of the incident, [Appellant] was driving her daughter to school with her sister, her friend, and three other minor children in the vehicle. After she was parked, she got out of the vehicle and approached the Defendant, who had been

standing near the school waiting for her to arrive with their child. [Appellant] and Defendant began arguing and, according to [Appellant], Defendant grabbed her jacket and pulled her away from the vehicle so that he could get to the child who was still in the vehicle. According to [Appellant]'s sister, Defendant "banged" [Appellant] against the car.

Defendant testified that he came to the school that day because he had not seen his daughter for several years and wanted to give her a gift. He stated that he has never hurt [Appellant] before and, specifically relating to this incident, did not touch [Appellant].

Because Mr. Bartholomew was the only uninterested, unbiased witness who testified at the hearing, the [c]ourt gave his testimony the greatest weight. He testified that on the date of the incident, he was standing on the sidewalk and witnessed the interactions between [Appellant] and Defendant. He saw the Defendant first, who looked like he was waiting for someone to show up, when [Appellant] pulled up to the school in her vehicle. Mr. Bartholomew saw [Appellant] and Defendant approach each other and engage in a heated conversation. Then he saw Defendant approach [Appellant's] car and say "she's my daughter. I have a right to see her, too." Both [Appellant] and Defendant were speaking to one another in an elevated tone. He did see Defendant move toward [Appellant]'s vehicle and come "face-to-face" with [Appellant]. At no point, however, did he see any physical contact occur between [Appellant] and Defendant. Specifically, he did not witness Defendant slam [Appellant] into the car.

After hearing all testimony and evidence presented, the [c]ourt found [Appellant] had not met her burden to prove abuse pursuant to 23 Pa.C.S.A. § 6102 and entered an Order denying the Final PFA on January 7, 2021.

[Appellant] filed a Motion for Reconsideration on February 3, 2021 which the [c]ourt granted on February 8, 2021. A hearing on the reconsideration was held on March 12, 2021 at which time [Appellant] appeared and was represented by Lindsay Walker, Esquire and Defendant appeared and was unrepresented. [Appellant] indicated that she was no longer seeking a PFA for the child, only for herself.

PFA Court Opinion, 3/22/21, at 1-3.

Appellant filed a notice of appeal on February 8, 2021. On March 22, 2021, the court entered an order denying reconsideration, and on March 23, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 21 days. The order specified "any issue not properly included in a timely and properly served Statement shall be deemed waived." Order, 3/23/21. Appellant filed her statement eight days late, on April 21, 2021, without seeking permission from the court for an extension of time. In its Pa.R.A.P. 1925(a) opinion, the PFA court advocates for quashal based on the late filing; Appellant responds that quashal is not warranted. *See* PFA Opinion, 4/23/21, at 2 (unnumbered); Appellant's Brief at 21-22.

Appellant explains that her statement was eight days late due to "miscommunication between [Appellant]'s prior and current counsel of record." Appellant's Brief at 21. Appellant says she filed her statement "immediately after the miscommunication was discovered," and asserts "the purpose of the Rule was satisfied, and the trial court was not prejudiced by the late filing." *Id.* She also argues her untimely filing "does not automatically result in waiver" if the court "accepts the untimely statement and addresses the issues raised." *Id.* In this case, we agree.

We have summarized:

While [an untimely filed Rule 1925(b) statement] often requires remand, where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may

address the issues on their merits. ***See Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa. Super. 2012). Instantly, the trial court has addressed the issue raised in [Appellant]'s untimely Rule 1925(b) statement and, as such, we may address the issue on its merits. ***Id. See also Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) ("[I]f there is an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

***Commonwealth v. Brown***, 145 A.3d 184, 186 (Pa. Super. 2016).

Although the PFA court advocates for quashal, it recites verbatim the four issues Appellant raised in her Rule 1925(b) statement. PFA Court Opinion, 4/23/21, at 2-3 (unnumbered). Further, the court references its March 22, 2021 opinion, "as well as the Order and transcript of January 7, 2021," stating it provided "a comprehensive analysis of [its] decisions and findings of fact[.]" ***Id.*** at 3 ("highlight[ing that the court] gave great weight to the testimony of an unbiased witness, Mr. Bartholomew."). On this record, and consistent with the above law, we decline to quash.

Appellant presents five questions for review:

1. Whether the trial court committed an error of law or abused its discretion by finding Defendant's actions, which included appearing at [the parties'] child's school after an absence of nearly six years and demanding the child, while physically and verbally accosting [Appellant], was not a course of conduct that would place a reasonable person in fear of bodily harm.

2. Whether the trial court committed an error of law or abused its discretion by finding that Defendant's behavior, which included appearing at [the parties'] child's school after an absence of nearly six years and demanding the child, while physically and verbally accosting [Appellant], would not place a reasonable person in fear of serious, imminent bodily harm.

3. Whether the trial court committed an error of law or abused its discretion by finding that Defendant's intentions determined whether his behavior was abuse, as defined in the Act.

4. Whether the trial court committed an error of law or abused its discretion by finding that physical contact was required in order to meet the definition of abuse in the Act.

5. Whether the instant appeal should be quashed due to [Appellant]'s failure to timely file a 1925(b) statement, when the trial judge did receive the statement prior to issuing his 1925(a) opinion and was not prejudiced by the delay.

Appellant's Brief at 4-5.

We have disposed of Appellant's fifth issue concerning quashal. In Appellant's remaining four issues, she claims the PFA court erred in its application of the law to the evidence. As the issues are related, we address them together.[1]

This Court recently summarized:

In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion. ***Custer v. Cochran***, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion occurs "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." ***Mescanti v. Mescanti***, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted). Moreover, on appeal, this Court will defer "to the credibility determinations of the trial court as to witnesses who appeared before it." ***Karch v. Karch***, 885 A.2d 535, 537 (Pa. Super. 2005). It is well-settled that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Walsh***, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted).

---

[1] Appellee/Defendant continues to be *pro se* and has not filed an appellate brief.

Finally, we review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party that prevailed before the PFA court. *Snyder v. Snyder*, 427 Pa. Super. 494, 629 A.2d 977, 982 (1993).

*Kaur v. Singh*, --- A.3d ---- (Pa. Super. Aug. 2, 2021).

The purpose of the PFA Act is "to protect victims of domestic violence from those who perpetrate such abuse" and "its primary goal is advanced prevention of physical and sexual abuse." *Lawrence v. Bordner*, 907 A.2d 1109, 1112 (Pa. Super. 2006) (citation omitted). When hearing evidence, "the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury[.]" *Raker v. Raker*, 847 A.2d 720, 725 (Pa. Super. 2004). The intent of the alleged abuser is "of no moment." *Id.* Rather, the petitioner must prove "abuse" by the preponderance of the evidence, which this Court has defined as "the greater weight of the evidence, *i.e.*, to tip a scale slightly[.]" *Id.* at 724.

Appellant argues Defendant violated the following two sections of the PFA Act, which provide that abuse occurs between biological parents when one parent:

(2) Plac[es] another in reasonable fear of imminent serious bodily injury.

\*\*\*

(5) Knowingly engag[es] in a course of conduct or repeatedly commit[s] acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. …

23 Pa.C.S.A. § 6102.

Appellant argues the court "failed to consider the totality of the circumstances," and emphasizes testimony favorable to her claim that Defendant placed her in reasonable fear of bodily injury. *See* Appellant's Brief at 12, 19-20. Upon review, Appellant's argument is not so much that the court "failed to consider the totality of the circumstances," as the court failed to credit the testimony of Appellant and her two witnesses. We agree with the PFA court's observation that while it "understands" Appellant's arguments, "what this comes down to is the court's credibility determination of the witnesses." PFA Court Opinion, 3/22/21, at 4.

The court did not give much credence to the testimony of Appellant and her witnesses, Sheniqua Carter (Appellant's sister), and Jenae Bishop (Appellant's friend).[2] Likewise, the court did not give significant weight to Defendant's testimony. Rather, the court focused on the testimony of the school principal, Mr. Bartholomew. PFA Court Opinion, 4/23/21, at 3 (unnumbered). In response to questioning by Appellant's lawyer, Mr.

_____

[2] The court stated:

> [Appellant] testified that she and the Defendant were arguing about the custody of their child. Regarding the incident itself, [Appellant] uses several different words to describe Defendant's actions. . . . Sheniqua Carter, [Appellant]'s sister, testified that Defendant was "pushing [Appellant] against the car or whatever the case may be" with his hands, not his body.

PCRA Court Opinion, 3/22/21, at 5 (citations to notes of testimony omitted).

Bartholomew stated he witnessed the parties engage in a "significant, verbal interaction" which "became almost, you know, **almost a yell between the two of them**." N.T., 1/7/21, at 6 (emphasis added). He also stated: "If you're asking me did I see anybody grab anybody or be physical, no, but they were – they were, for lack of a better term, very much **in each other's faces**." *Id.* at 7 (emphasis added). In response to questioning by Defendant, acting *pro se*, Mr. Bartholomew repeatedly testified he did not see any physical contact between Defendant and Appellant. *Id.* at 8-9; *see also id.* at 10 ("Did I see anybody grab anybody? No.").

At the conclusion of the hearing, the court took a recess, then reconvened, stating it "took a little bit more time … reviewing the testimony." N.T., 1/7/21, at 50. The court concluded "there was a verbal altercation that does not equal abuse under the Protection from Abuse Act." *Id.* at 50-51. The court found "this was a one-time incident," although it cautioned Defendant that "an ongoing course of conduct could lead you back into a courtroom." *Id.* at 51.

The record supports the PFA court's determinations that there was no course of conduct, Defendant did not place Appellant in reasonable fear of bodily injury, and there was no abuse as defined in the PFA. The court stated the incident "occurred as a result of both [parties'] actions and, given the circumstances, Defendant's actions did not rise to the level of abuse such that

a reasonable person would be in fear of bodily harm." PFA Court Opinion, PFA

Court Opinion, 4/23/21, at 3 (unnumbered). The court specified:

> Mr. Bartholomew testified that both [Appellant] and Defendant, **not just the Defendant**, were yelling very loudly at one another. *See January 7, 2021 Transcript at page 7, lines 4.* At no point did he see any physical contact or witness the Defendant "grab [Appellant] out of her jacket and slam her body onto the car." *See January 7, 2021 Transcript of page 7, lines 10-13; page 9, line 19 to page 10, line 2; and page 7, lines 16-20.* Mr. Bartholomew also did not recall hearing any threats of violence. *See January 7, 2021 Transcript of page 10, lines 14-16.* Finally, he testified that, when asked, both [Appellant] and Defendant walked away from the argument. *See January 7, 2021 Transcript of page 9, lines 16-18.*
>
> ***
>
> It is obvious that a dispute occurred on the date in question. [Appellant] and Defendant were both upset and yelling at one another over a sensitive subject — their child. Based upon Mr. Bartholomew's testimony, Defendant's testimony, and the fact that [Appellant]'s description of the force used upon her changes with her testimony, the [c]ourt finds that no physical contact occurred. Any physical contact that did occur arose out of the fact that Defendant was attempting to see his daughter, who was located in the vehicle, and [Appellant] was blocking the vehicle with her body. Even if physical conduct between [Appellant] and Defendant occurred, the [c]ourt finds that it was incidental to the argument, not intentional, and not intended to harm [Appellant]. Additionally, the level of conflict displayed during the incident occurred as a result of **both [Appellant]'s and Defendant's actions**. In reviewing the testimony given at the time of the hearing, the [c]ourt finds that no abuse occurred. Further, the [c]ourt holds that **[Appellant]'s and Defendant's actions were similar in nature** and do not support that Defendant acted in a way that placed [Appellant] in "reasonable" fear of bodily harm.

PCRA Court Opinion, 3/22/21, at 4-6 (emphasis added).

The court's reasoning is consistent with the record and the law. Accordingly, the PFA court did not err or abuse its discretion in declining to enter a final PFA order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021