J-A10029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF:  D.A.R, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.A.R. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 945 MDA 2021 |

Appeal from the Dispositional Order Entered June 30, 2021,
in the Court of Common Pleas of Cumberland County,
Juvenile Division at No(s):  CP-21-JV-0000074-2021.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED: MAY 23, 2022**

D.A.R., a minor, appeals his delinquency adjudication finding he had committed involuntary deviate sexual intercourse with a child and sexual assault.[1]  Upon review, we remand for further proceedings consistent with this order.

D.A.R. was adjudicated as delinquent after a hearing on June 28, 2021 in which the trial court determined D.A.R. committed involuntary deviant sexual intercourse with a child and sexual assault.  D.A.R. was sentenced to probation, costs, and community service.  D.A.R. filed a notice of appeal on July 19, 2021.   Though the trial court ordered D.A.R. to file a concise statement of errors, D.A.R. did not do so, and the trial court was unable to issue a 1925(a) opinion in support of its ruling.

---

[1] 18 Pa. C.S.A. §§ 3123(b) and 3124, respectively.

Pennsylvania Rule of Appellate Procedure 1925(b) allows a judge who entered the order being appealed to direct an appellant to file a concise statement identifying the errors complained of on appeal. Rule 1925(c)(3) states:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

P.A. R.A.P. 1925(c)(3). "[I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009). Once remanded, the court may allow the appellant to file a 1925(b) statement *nunc pro tunc* or appoint new counsel. *Commonwealth v. Thompson*, 39 A.3d 335, 340 n. 11 (Pa. Super. 2012).

In this case, the trial court did not have the opportunity to issue a 1925(a) opinion addressing the issue D.A.R. raised on appeal because D.A.R. failed to file a 1925(b) statement of errors. We are therefore unable to properly review the merits of D.A.R.'s argument. Thus, remand is appropriate. Accordingly, we remand this case to the trial court so that it may order D.A.R.

to file a 1925(b) statement of errors sufficient for the court to issue a 1925(a) opinion. The trial court may appoint new counsel for D.A.R. in its discretion.

Case remanded. Jurisdiction retained.