J-S41039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHAD ELLIS STEELE :
:
Appellant : No. 914 MDA 2022

Appeal from the Judgment of Sentence Entered April 13, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001215-2021

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: JANUARY 12, 2023**

Appellant, Chad Ellis Steele, appeals from the April 13, 2022, judgment of sentence of 2½ to 5 years' imprisonment imposed after a jury found him guilty of strangulation.[1]   Pursuant to Pa.R.A.P. 1925(c)(3), we remand this case for the filing of a Rule 1925(b) statement and a responsive Rule 1925(a) opinion.

The factual history of this matter is not relevant to our disposition and need not be reiterated here.  The relevant procedural history, as gleaned from the certified record, is as follows:  On January 18, 2022, Appellant proceeded to a jury trial and was subsequently found guilty of one count of strangulation.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2718(a)(1).

As noted, the trial court sentenced Appellant to 2½ to 5 years' imprisonment on April 13, 2022. On April 22, 2022, Appellant filed a timely post-sentence motion that was ultimately denied by the trial court on June 15, 2022. This timely appeal followed on June 22, 2022.[2]

On July 5, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal in accordance with Rule 1925(b), within 21 days. Appellant, who is represented by counsel,[3] has attached a concise statement to his appellate brief which is timed-stamped as filed with the Superior Court Middle District on July 19, 2022. **See** Appellant's brief at Exhibit A. However, our review of the certified docket in this matter reveals that Appellant's counsel failed to properly file a concise statement with the Dauphin Country Clerk of Courts.

On August 17, 2022, the trial court issued a "Statement in Lieu of Opinion" requesting that this matter be remanded in accordance with Rule 1925(c)(3),and indicating it would not be filing a responsive opinion until directed to do so by this Court. Trial court opinion, 8/17/22 at 1. The

---

[2] Although Appellant purports to appeal "from the Judgment of Sentence imposed on June 15, 2022," and counsel attached the June 15, 2022 order denying Appellant's post-sentence motion to the docketing statement, the record clearly indicates that the sentence was imposed on April 13, 2022. We remind counsel that "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (**en banc**), **appeal denied**, 800 A.2d 932 (Pa. 2002).

[3] Sarah Lockwood, Esq.

Commonwealth has also requested that this matter be remanded for the filing of a Rule 1925(b) statement and the preparation of a Rule 1925(a) opinion. *See* Commonwealth's brief at 4-5.

Appellant raises the following issues for our review:

A.      Did the Commonwealth commit a Constitutional violation which undermined the truth determining process by failing to disclose the material witness bail placed on the Commonwealth's lead witness and alleged victim, Yashira Pacheco?

B.      Whether the trial court erred in accepting the jury's verdict when the verdict was against the weight of the evidence?

Appellant's brief at 4 (capitalization omitted).

Preliminarily, we agree with both the trial court and the Commonwealth that our review of Appellant's substantive claims is hampered by the lack of a properly filed Rule 1925(b) statement and responsive Rule 1925(a) opinion.

This Court has long recognized that a counsel's failure to file a court-ordered Rule 1925(b) statement is attributable to *per se* ineffective assistance rather than a dereliction on Appellant's part. *See Commonwealth v. Burton*, 973 A.2d 428, 432 (Pa.Super. 2009) (*en banc*) (stating, "[t]he complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal.").

Pursuant to Rule 1925(c)(3), where counsel fails to file a Rule 1925(b) statement on behalf of his client, and this Court is convinced that counsel has

been *per se* ineffective in this regard, we are compelled to remand for the filing of a *nunc pro tunc* statement. Specifically, Rule 1925(c)(3) states:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Here, it is undisputed that Appellant counsel failed to properly file a Rule 1925(b) concise statement with the Dauphin Country Clerk of Courts. Accordingly, we conclude that counsel has provided *per se* ineffective assistance of counsel pursuant to subsection (c)(3). *See id.* Moreover, since the trial court's opinion did not address Appellant's substantive claims, a remand to the trial court for a responsive opinion is warranted. *See Commonwealth v. Thompson*, 39 A.3d 335, 340-341 (Pa.Super. 2012).

Based on the foregoing, we remand for the filing of a compliant Rule 1925(b) statement within 60 days of the date of this memorandum, and for a supplemental Rule 1925(a) opinion to be filed 120 days thereafter. We decline to require the trial court to appoint Appellant new counsel, although the trial court may do so if necessary.

Case remanded for further proceedings consistent with this memorandum. Panel Jurisdiction Retained.