J-S02009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFREDO DEJESUS | : | |
| | : | |
| Appellant | : | No. 170 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 9, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008749-2021

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                 **FILED FEBRUARY 21, 2024**

Alfredo Dejesus appeals from the judgment of sentence,[1] entered in the

Court of Common Pleas of Philadelphia County, following his conviction of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Dejesus, *pro se*, timely filed his notice of appeal, but did not indicate from which order he appealed, in violation of Pa.R.A.P. 301(a) and Pa.R.A.P. 904(d).  As a result, on April 10, 2023, this Court issued a Rule to Show Cause directing Dejesus to explain why his appeal should not be quashed for failure to specify from which order his appeal lies.  **See** Rule to Show Cause, 4/10/23, at 1.  Dejesus did not file a response, and the matter was deferred to the merits panel.  **See** Order Discharging Rule to Show Cause, 4/24/23, at 1.

After review, it is apparent from the Docketing Statement that Dejesus intended to appeal from the judgment of sentence, which was properly entered into the record on December 9, 2022.  **See Commonwealth v. Rivera**, 266 A.3d 647 (Pa. Super. 2021) (Table) (failure to comply with Pa.R.A.P. 904 will not result in dismissal of notice of appeal as long as notice of appeal is timely filed); **see also** Pa.R.A.P. 126(b) (unpublished non-
*(Footnote Continued Next Page)*

aggravated assault.[2]    Additionally, Dejesus's counsel, Jessica C. Mann, Esquire, has filed an application to withdraw as counsel, and an accompanying **Anders**[3] brief.  After review, we remand with instructions.

On December 6, 2020, Dejesus repeatedly struck his paramour's head with a hammer while threatening to kill her.  Dejesus also cut the victim's hands and strangled her in an attempt to keep her from screaming.  During these events, the victim's daughter arrived, which caused Dejesus to flee. Ultimately, Dejesus was arrested and charged.

On September 23, 2022, on the day of trial, Dejesus entered into an open guilty plea to the charge of aggravated assault.  The trial court conducted an oral and written colloquy, after which the trial court accepted Dejesus's guilty plea.  The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report.

On December 9, 2022, the trial court conducted a sentencing hearing, and sentenced Dejesus to a term of 9-18 years' incarceration.  Dejesus did not make any oral post-sentence objections, nor did he file a post-sentence motion.  Rather, Dejesus filed a timely *pro se* notice of appeal.

_____

precedential decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).  Accordingly, we decline to quash Dejesus's appeal.

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] **Anders v. California**, 368 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On January 20, 2023, the trial court directed Dejesus to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. In response, Dejesus's trial counsel filed a motion to withdraw from representation. **See** Motion to Withdraw, 1/20/23. The trial court granted this motion, and appointed Attorney Mann to represent Dejesus on appeal. **See** Order, 2/14/23, at 1. Additionally, the trial court granted Attorney Mann an additional 30 days to file a Rule 1925(b) statement. **See id.** Ultimately, Attorney Mann did not file a Rule 1925(b) statement until June 13, 2023, well outside the time permitted by the trial court. Consequently, the Rule 1925(b) statement was untimely, and Attorney Mann's failure to timely file the Rule 1925(b) statement constitutes *per se* ineffective assistance of counsel. **See Commonwealth v. Thompson**, 39 A.3d 335, 340-41 (Pa. Super. 2012) (failure to timely file court-ordered Rule 1925(b) statement constitutes *per se* ineffective assistance of counsel).

Accordingly, we remand to the trial court for the appointment of new counsel and the filing of a Rule 1925(b) statement *nunc pro tunc*, followed by a responsive Rule 1925(a) trial court opinion.[4] **See** Pa.R.A.P. 1925(c)(3) ("If an appellant represented by counsel in a criminal case was ordered to file and

_____

[4] We observe that the trial court filed a "statement in lieu of opinion" in which it urges this Court to find all of Dejesus's claims waived and dismiss Dejesus's appeal. **See** Statement in Lieu of Opinion, 7/11/23, at 1-2. However, as we note **infra**, the correct remedy, set forth by Pa.R.A.P. 1925(c)(3), is to remand for a *nunc pro tunc* Rule 1925(b) statement followed by a responsive Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(c)(3); **see also Thompson**, 39 A.3d at 340-41 n.11.

serve a [s]tatement and either failed to do so, or untimely filed or served a [s]tatement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a [s]tatement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.").

Case remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/21/2024</u>